LYONS & DICKEY v. HAMILTON ET AL.

1. **Jury:** CONTINUANCE OF CAUSE AFTER PANEL FORMED: JURY DISCHARGED. Where a jury is impaneled to try a cause, and an order of continuance is then made,—not a mere adjournment of the court, but a continuance of the cause to another day in the term,—the jury should be regarded as discharged, and it is error in such a case to require a party to proceed, against his objection, to try the case before such jury.

2. **Fraudulent Conveyance:** KNOWLEDGE AND INTENT OF PURCHASER. Where a purchaser of property is not a creditor of the seller, but a mere volunteer, and the seller intends by the sale to hinder, delay or defraud his creditors, it is not necessary, in order to invalidate the sale, to show that the purchaser bought with a like fraudulent intent. It is enough if it be shown that the purchaser had knowledge of such facts as should charge him with notice of the fraudulent intent of the seller.

3. **Attachment:** KNOWLEDGE OF CLAIM BY THIRD PARTY: EVIDENCE. An officer about to levy an attachment is bound by actual notice, received before the levy, that one not the debtor claims the property; (*Stewart v. Smith*, 60 Iowa, 275;) and in an action against him by such claimant, evidence of such notice is admissible.

*Appeal from Carroll District Court.*

FRIDAY, JUNE 11.

THIS is a controversy involving the ownership of a stock of agricultural implements. The plaintiffs claim to be the owners by virtue of a sale of the property made to them by one Eaton. It is conceded that Eaton was the owner of the goods, but the defendant Barbee, who was a creditor of Eaton, claims that the sale and transfer under which plaintiffs assert title to the property was fraudulent as to the creditors of Eaton. Barbee disregarded the sale, and caused the defendant Hamilton, who is sheriff of Carroll county, to levy an attachment upon the property, which was sold by the sheriff to satisfy the claim of Barbee. The plaintiffs seek by this action to recover the value of the goods. There was a trial by jury, and a verdict and judgment for the plaintiffs. Defendants appeal.

*Cole, McVey & Clark*, for appellants.

*Geo. W. Paine*, for appellees.

ROTHROCK, J.—I. The jury was impaneled and sworn to try the cause on the evening of April 21st, and thereupon the court adjourned until the following morning. On the next morning, April 22d, the plaintiffs filed an amended and substituted petition. The defendants moved for a continuance of the cause until the next term of court. The motion was overruled, but the defendants were given until the next day, April 23d, to prepare for trial, and the cause was continued until that day. The court therefore took up another cause for trial by jury and a jury was impaneled and sworn, and the cause tried on that day. The panel for the trial of that case was made up from nine of the jurors who had been impaneled and sworn in this case, and three others taken from the *venire*. The trial of that cause occupied that day. On the morn-

1. JURY: continuance of cause after panel formed: jury discharged.

ing of the next day, April 23d, this cause was called for trial. The defendants moved to set aside the panel of jurors who had been sworn on the twenty-first of April, and to impanel a jury for the trial of the cause. The motion was overruled. Appellants assign this ruling of the court as error. We think the motion should have been sustained. Every proper safeguard should be employed by courts to protect the rights of the parties by keeping the minds of the jury free from bias and undue influences and impressions, so that, when they come to determine the rights of the parties, they may do so untrammeled by any improper considerations. The law requires that, if the jury are permitted to separate during the trial, they must be advised by the court that it is the duty of each one of them not to converse with any other of them, or with any person, nor to suffer himself to be addressed by any other person, on any subject of the trial, and that during the trial it is the duty of each one of them to avoid, as far as possible, forming any opinion thereon until the cause is finally submitted to them. Code, § 2792.

It is to be presumed that, when the court adjourned on the evening of the twenty-first of April, the jury were properly admonished; and, if the court had entered upon trial of the cause on the next morning, there would have been no reason for any objection to the jury; or if the court had adjourned from Saturday until Monday, or for any other reasonable time, there would be no good reason why the jury should not proceed to hear and determine the cause. But that is quite another thing from a continuance of the cause, and impaneling most of the jury in another action, and trying it, and then taking up this case. The court was in session, and the members of the jury who had been chosen to try this cause were engaged in hearing and determining another case. They were, during the adjournments, exposed to all the influences which pervade courts of justice,—litigants and other interested persons. Their minds were drawn away from this cause, which they had been sworn to try and

determine.    We think it is surely the safer rule to require that, after such other service was concluded, the parties should be given the right to peremptory challenge, and to challenge for cause.    If we were to approve the ruling of the court in this case, we might for the same reason be called upon to approve a disbanding of the jury for three or five days, or a week, and in the mean time using the members of the jury in trying other causes.    The safer rule is that where a jury is impaneled, and an order of continuance is made,—not a mere adjournment of the court, but a continuance of the cause to a day in the term,—the jury should be regarded as discharged.

II.    As the cause must be reversed for the error above pointed out, it is unnecessary to determine many of the other questions discussed by counsel.    In view of a **2. FRAUDU-LENT convey-ance : knowl-edge and in-tent of pur-chaser.** new trial, however, it is proper to say that we think the court should have been more explicit in the instructions pertaining to what constitutes a fraudulent sale of property as to the creditors of the seller. Where a purchaser of property is not a creditor, but a mere volunteer, and the seller intends by the sale to hinder, delay or defraud his creditors, it is not necessary that it should be shown that the purchaser bought "*with a like fraudulent intent.*"    It is enough if it be shown that the purchaser had knowledge of such facts as should charge him with notice of the fraudulent intent of the seller.

There was evidence introduced upon the trial which tended to prove that the defendant Hamilton had notice of the claim **3. ATTACH-MENT: knowl-edge of claim by third party.** of the plaintiffs before he received the writ of attachment which he levied upon the property. This evidence was properly admitted.    *Stewart v. Smith*, 60 Iowa, 275.

REVERSED.