## Morris Griesheimer and Louis Strauss v. Charles Meyers and Daniel Meyers.

1. Short Cause Calendar—*Striking off Causes, When Discretionary.*—When a cause regularly on the short cause calendar is called for trial, it is not the practice for the court to hear evidence or examine the files for the purpose of ascertaining whether more than one hour will be consumed in the trial; and although the trial occupies more than an hour's time, the court may refuse to strike it from such calendar. Such action rests in the discretion of the court.

Assumpsit, for goods sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. John C. Garver, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed June 21, 1900.

Statement.—The appellees, Charles Meyers and Daniel Meyers, partners under the name of Meyers & Brother, recovered judgment for the sum of $667.10 against appellants, Morris Griesheimer and Louis Strauss, sued as copartners under the name of M. Griesheimer & Co. The action was assumpsit. The declaration contains the common counts, including the counts for goods sold and delivered. Each of the appellants filed an affidavit of merits, a plea of the general issue and a plea of non joint liability verified.

Appellant Griesheimer and W. B. Tuteuer were engaged in the clothing business as partners, under the partnership name, Griesheimer & Co., their place of business being on southeast corner of Lake and Clark streets in the city of Chicago. On the northeast corner of Lake and Clark streets, opposite the place of business of Griesheimer & Co., Morris Griesheimer and Louis Strauss, the appellants, were engaged in the same business, in the partnership name M. Griesheimer & Co. December 21, 1897, Charles Meyers, of the firm Meyers & Bro., took an order from M. Griesheimer, at the southeast corner of Lake and Clark streets, the business place of Griesheimer & Co., for a number of suits of clothing. The order was headed as follows:

" Order No. 156.                      ......189......
    Send to............M. Griesheimer & Co.
    of........Lake & Clark Sts., Chicago, Ill.
    How ship......Star Union.   When ship....Mch....
    Terms......Net 30, 60 extra.   Salesman........."

Then follows in the order a lot of figures representing, as testified by Charles Meyers, the terms of sale, the lot numbers of the suits, which identified the kinds of suits sold, and the quantities of each kind of suits.  The order was made out by Charles Meyers in triplicate; one copy was delivered to Morris Griesheimer and was retained by him; one was sent to Philadelphia to the firm Meyers & Bro.; and one was kept by Charles Meyers.  The order was not signed by Griesheimer, but was delivered to and retained by him.  That he gave the order is not controverted.  The agreement was that the goods were to be delivered in March, 1898.  Griesheimer testified that it was agreed or understood between him and Charles Meyers, at the time the order was given, that he, Griesheimer, should have the privilege of canceling the order any time before March, 1898; and that, January 10, 1898, he wrote "canceled" on the copy of the order left with him by Charles Meyers, and on the same date, Tuteuer, by his, Griesheimer's, direction, wrote to Meyers & Bro. canceling the order.  Charles Meyers testified that nothing was said about the cancellation of the order, and both he and his partner, Daniel Meyers, testified that no letter purporting to cancel the order was received by Meyers & Bro.  Morris Griesheimer testified that the firm of M. Griesheimer & Co. had purchased goods of appellees prior to the time the order in question was given.  Charles Meyers testified that he sent the order to his firm in Philadelphia, and the evidence is that Meyers & Bro. of Philadelphia acknowledged the receipt of the order by postal card of date December 23, 1897, addressed to M. Griesheimer & Co., and that the postal card was received by M. Griesheimer & Co.  The goods were shipped by appellees in March, 1898, and were received at the place of business of Griesheimer & Co., southeast corner of Lake

and Clark streets, where they were ordered.    There is no controversy as to the amount of the bill.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellants.

SMITH, HELMER, MOULTON & PRICE, attorneys for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellants' counsel assign as error the overruling of their motion to strike the cause from the short cause calendar, made when the cause was called for trial, and also their motion to the same effect, at the close of the plaintiffs' case, when the trial, apparently, had lasted more than an hour. The first motion was made on the alleged ground that it was apparent from depositions filed in the cause, that the cause could not be tried in an hour.

When a case regularly on the short cause calendar is called for trial, it is not the practice, nor does the statute contemplate that the court will hear evidence or examine the files of the cause for the purpose of ascertaining whether more than an hour will be consumed in the trial, and although if the case occupies more than an hour's time, the court may strike it from the short cause calendar, this, by the terms of the statute, rests in the discretion of the court.

It is contended that the verdict is against the weight of the evidence, and that this is especially true as to the liability of the appellant Strauss.    Omitting discussion of the evidence, except in so far as may hereafter be necessary in passing on appellants' objections, suffice it to say, that after careful reading and consideration of the evidence and the arguments of counsel, we can not sustain this contention. On the contrary, we are of opinion that the evidence is sufficient to sustain the finding that the goods were purchased by appellant Griesheimer for the firm of M. Griesheimer & Co., and that appellants are jointly liable therefor.

The witness Charles Meyers was interrogated and answered as follows:

Q. "Did you, or did you not, ever have any business rela-
tions with Morris Griesheimer & Company of Lake and
Clark streets, Chicago, Illinois?"   A.   "I did."

Q.  "When?"   A.   "I sold them a bill on the 21st day
of December, 1897.  Sent the order to my house, Charles
Meyers & Bro., 506 Market street, to be shipped in March.
At the time I sold them they were to be paid in ninety days
from shipment, and up to the present time we have not
received one cent on account of this bill."

The last answer appellants moved to strike out, on the
ground that it attempted to state the fact and terms of sale,
and consisted of conclusions of the witness, and because it
was not responsive.  It is not responsive, but it is relevant
and material, and the question, to whom were the goods
sold, is a question of fact.  While the answer is obnoxious
to criticism, we do not deem the ruling reversible error.

Appellants' counsel also object to the testimony of the
witness Charles Meyers as to the meaning of the figures
and words in the order.  The cause was being tried before
a jury, and while business men, such as the parties to the
suit, might readily understand the abbreviated expressions
and the figures in the order, it is very doubtful, to say the
least, whether the jury would understand them.  It is not
contended that the meaning of the words and figures as
stated by the witness is not as he stated.  There is no con-
troversy whatever about the meaning, and appellants could
not, in any way, be prejudiced by the answer.

Anthony Seckinger, packer and shipper for appellees,
testified that he received the order heretofore mentioned
from appellee Daniel Meyers, and packed the goods ordered;
that he made two shipments in boxes, the first shipment
March 7, 1898, the second March 17, 1898; that he marked
on each box the figures 5039, and addressed each box " M.
Griesheimer & Co., Lake and Clark streets, Chicago, Illi-
nois," and that the boxes were taken, so marked and ad-
dressed, to the Pennsylvania Railroad, and were shipped to
M. Griesheimer & Co., Lake and Clark streets, Chicago,
Illinois, over the Star Union line.  Griesheimer testified:
"Why, if I remember well, the goods were marked Gries-
heimer & Co., and not M. Griesheimer & Co."

Another witness for appellants testified that the address on the box was Griesheimer & Co.

Appellees, on rebuttal, called M. V. Lightcap, chief clerk in the office of the Union Star line in Chicago, who produced two way bills made out in Philadelphia, one of date March 7 and the other March 17, 1898; the first being "Way bill No. 65," and the second "Way bill No. 154." The March 7th way bill contained the following: "Through way bill from Philadelphia to Chicago, March 7, 1898. Special marking 5039. Consignees M. Griesheimer & Co., Lake and Clark Sts. Articles: 1 case of clothing. Weight 150 lbs." The other way bill contains the same, except that the date is March 17th and the weight 190 pounds. Appellants' counsel object to this evidence as incompetent.

The number in each way bill, 5039, the dates, and the address, M. Griesheimer & Co., correspond with the number and address in the bill of lading put in evidence by appellees. The way bills appear to have been made out in the usual course of business of the carrier, and, in our opinion, were competent evidence in rebuttal.

The Arthur Dixon Transfer Co. received goods for Griesheimer & Co. and also for M. Griesheimer & Co., as testified to by John H. Holden, shipping and receiving clerk for Griesheimer & Co.

Appellees further called as a witness in rebuttal Frank Duer, a driver for the Arthur Dixon Transfer Co., who identified a receipt and freight notice, dated March 11, 1898, and a receipt and notice dated March 14, 1898. In both receipts and notices the address is M. Griesheimer & Co. In the first the description is, "1 case clothing, weight 520;" in the second, "1 case clothing, weight 190." The witness Duer testified the receipts were in his handwriting. The receipts and notices were put in evidence over appellants' objection. We think the evidence competent.

Appellants' counsel lay great stress on the alleged fact that no invoice came with the goods, and that appellants were unable to tell from whom they came. Morris Gries-

heimer and several of his employes so testified. On the part of appellees two witnesses testified that an invoice of the goods was sent to M. Griesheimer & Co., and that the goods were charged to that firm on appellees' books. We are at a loss to understand why appellants should have had any difficulty in knowing from whom the goods came; the copy of the order given by Charles Meyers to Morris Griesheimer remained in the possession of the latter and was produced by him on the trial, and he testified that the list of goods in his order book, which were delivered, corresponded with the list in the order. He also had in his possession the postal card sent by appellees, acknowledging the receipt of the order, because he testified that, January 18, 1898, the word "canceled" was written on it by his direction.

We find no material error in the giving or refusing of any instruction.

The judgment will be affirmed.