DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1906.

---

## H. A. Haines v. F. W. Thompson, Executor.

### Gen. No. 12,585.

1. SHORT CAUSE CALENDAR—*when trial of cause upon, will not reverse.* The fact that a cause tried upon the short cause calendar 'was not at issue when there placed, is not ground for reversal where the party objecting appeared at the trial and had opportunity to defend, and the motion to strike was not made at the first opportunity.

2. SHORT CAUSE CALENDAR—*when trial of cause upon, will not reverse.* The fact that a cause tried upon the short cause calendar is commenced upon one day and continued and completed upon the next, is not ground for reversal although the continuance was ordered after it was found that the trial would consume more than the hour contemplated by the statute.

3. JURY—*effect of use of, in another case, before completion of trial.* The fact that a jury is taken from the consideration of a cause which has been continued to the next day, and sworn in other causes, is not ground for reversal, in the absence of a showing of improper conduct by the jurors 'in the interim.

4. CONTINUANCE—*when' properly denied.* A continuance is properly denied where the evidence which the party moving therefor claims he could obtain if a continuance were granted, was not of such a character as would have presented a defense to the action and was immaterial.

5. VOLUNTARY PAYMENT—*what not.* Payment made by 'an executor or administrator without an order of court, though made at the peril of such executor or administrator, is not a voluntary payment within the meaning of the law, and a third party from

(436)

Haines v. Thompson.

whom such executor or administrator seeks to recover, for the benefit of the estate, the amount so paid, cannot successfully interpose the defense of voluntary payment.

6. NEGOTIABLE INSTRUMENT—*title to, passed by delivery.* An equitable title to a negotiable instrument is passed by the mere delivery thereof to a third party with an intention to pass title.

Action of assumpsit. Error to the Circuit Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed November 15, 1906.

**Statement by the Court.** This is an appeal from a judgment of the Circuit Court entered July 8, 1905, in favor of the defendant in error (the plaintiff below) against the plaintiff in error (the defendant below) for $5,675. The suit was an action of assumpsit originally brought by the defendant in error against the plaintiff in error and one Samuel K. Challman and one Russell W. Randall. The original declaration contained two special counts and the common money counts in *indebitatus assumpsit.* The special counts alleged in substance that Lucius G. Thompson, the plaintiff's testator, guaranteed a promissory note made by the defendants, Haines, Challman and Randall, to one R. Magoon Barnes, in consideration that said Barnes, at the request of these defendants, would accept the same, and that thereafter the defendants neglecting to pay the same, the plaintiff, having been appointed executor of the last will and testament of Lucius G. Thompson, who had died, and taken upon himself the execution of the said will, paid the said R. Magoon Barnes the amount of the same and took to himself by indorsement the said note, and being the legal owner and holder of the same, brought the suit as executor, etc. A copy of the note, as the "instrument sued on," was appended to the declaration. This note, which was produced in evidence at the trial of the cause, was as follows:

"LACON, ILLINOIS, February 7, 1902.

On or before two (2) years after date, we and each of us jointly and severally agree to pay to R. Magoon Barnes of Lacon, Illinois, at his office in Lacon, Illinois, five thousand dollars ($5,000) with interest thereon at the rate of six per cent. (6%) per annum from date, and if this note is collected by law or any suit or proceedings are commenced either in law or equity to enforce the collection of this note, there shall at once become due and payable to the lawful holder of this note ten per centum (10%) of the amount due hereon, for principal and interest, for attorney's fees upon this note.

RUSSELL W. RANDALL,    [SEAL.]
H. A. HAINES,    [SEAL.]
SAMUEL K. CHALLMAN,    [SEAL.]
LUCIUS G. THOMPSON,    [SEAL.]"

Witness to L. G. Thompson's signature:

N. L. FASTENARE.

On the back of this note are indorsements as follows:

"Interest paid February 9, 1903, three hundred ($300) dollars.

"This note paid to May I. Barnes, G. F. W. Thompson, executor the last will of the within Lucius G. Thompson, this 9th day of February, A. D. 1904. R. M. Barnes, agent for said May I. Barnes, and witness.

"Paid on this note at the time of paying the principal thereof as above set forth the interest thereon of $300 on February 9, 1904.

"Witness R. M. Barnes, agent for May I. Barnes."

A special demurrer having been sustained to this original declaration, an amended declaration the same in substance, but in the special count making *profert* of the plaintiff's letters testamentary, was filed. To this amended declaration the defendants Haines, Randall and Challman jointly pleaded the general issue and three special pleas: First, that Lucius G. Thompson was a joint promisor with the defendants and not

a guarantor; second, that the note was the joint and several undertaking of the defendants and Lucius G. Thompson, and had been paid in full; third, that Lucius G. Thompson being a joint promisor with the defendants, the plaintiff as his executor had voluntarily paid the amount of it in full satisfaction thereof.

While the pleadings were in this condition, no replications having been filed, the usual affidavit to place the cause on the short cause calendar was made by the attorney for the plaintiff, and was filed with the clerk of the Circuit Court on April 5, 1905, with an affidavit of service on the defendants' attorney on that day.

On the 8th of May, 1905, the cause was called for trial, and the attorney for the defendants withdrew his appearance for Challman and Randall, remaining attorney of record, however, for the present plaintiff in error, Haines. Another attorney thereupon entered his appearance for Challman and Randall, and with the attorney for Haines asked the court to strike the cause from the short cause calendar, on the ground that it was not at issue, and had not been at issue when placed on the short cause calendar. It, however, appeared that a replication somewhat inartificial in form had been filed on that day, traversing the allegations of the three special pleas before set forth and tendering as to each of them an issue to the country. It was stated to the court by counsel for the plaintiff, without contradiction by counsel for defendants, that there had been a stipulation the week before that the case should go over a week. The court thereupon ordered the trial to proceed, and the defendants excepted. A jury was called.

The plaintiff (defendant in error here) then took the stand. In connection with his testimony there were introduced in evidence his letters testamentary, marked "Plaintiff's Exhibit A," the note before de-

scribed marked "Plaintiff's Exhibit B," and a document marked "Plaintiff's Exhibit C," signed by the defendant Haines and by L. G. Thompson, and by its recitals showing that the said Thompson signed the note for the accommodation of Haines, Randall and Challman, and that they received the entire consideration for the same from R. Magoon Barnes. The plaintiff testified to conversations with Haines tending to establish the same conditions, and swore that he had in his capacity as executor, after the maturity of the note, February 7, 1904, and on a demand for payment from R. Magoon Barnes, paid it. The amount paid by him was $5,300, and it was paid to R. M. Barnes, who, on receiving it, wrote and signed the indorsement, "This note paid to May I. Barnes, G. F. W. Thompson, executor the last will of the within Lucius G. Thompson, this 9th day of February, 1904. R. M. Barnes, agent for said May I. Barnes, and witness." The subsequent indorsement concerning interest was placed there afterward.

During the cross-examination of the plaintiff the trial judge, declaring that he did not see how the case could be finished within an hour, continued it until the following morning in order to proceed with other causes on the short cause calendar.

The following morning, May 9, 1905, the plaintiff dismissed as to Challman and Randall, whereupon the counsel for Haines asked for a continuance, claiming that as the dismissal as to two defendants necessitated an amendment to the declaration, his client had a right to continuance to answer or demur to the amended declaration. The court, however, ruled that the necessary amendment could be made after verdict, and ordered the trial to proceed. After some discussion the jury, which heard the testimony the day before, was recalled into the box. Counsel for Haines then moved to continue the cause: "First, because it did not come within the provisions of the Short Cause Act;

second, because the jury had tried other cases in the meantime; and, third, because the court had found and ruled that the cause could not be tried as a short cause case." This motion was denied and an exception was taken to the ruling. Counsel for Haines then again moved that the cause be stricken from the short cause calendar, and, on the denial of the motion, excepted.

Counsel for Haines then moved to exclude all of the evidence introduced in the cause because of a variance between the averments of the declaration and the evidence. The motion was denied and an exception taken. Objection was then made by counsel to proceeding with the cause until the declaration was amended, and the defendant given an opportunity to plead or demur to the amended declaration. The motion was denied and an exception taken. Counsel then moved for leave to amend his plea and leave was given him to amend the plea instanter. No amendment was made, however.

A motion was then made that the cause should be continued, because the defendant was taken by surprise at the action of the plaintiff. This motion was denied and an exception taken.

Mr. Thompson was then recalled to the stand. He testified that he did not know what Mr. Barnes did with the money which he, the plaintiff, paid him in satisfaction of the note. Whereupon the counsel for Haines moved to exclude all the evidence introduced in so far as it related to payments, on the ground that the indorsements on the note were the best evidence, and that the testimony did not correspond to the same, which motion the court denied. Defendant excepted.

The defendant offered no evidence, but offered various instructions on theories of the case presented by his arguments in this proceeding in error, which were refused. The court then instructed the jury to find the issues for the plaintiff, and assess his damages in the sum of $5,675, which was accordingly done.

On May 27, 1905, an amended declaration was filed, alleging the note in question to be the joint and several note of H. A. Haines, and charging him as sole defendant, but otherwise like the first amended declaration.

To this amended declaration six pleas were filed by defendant Haines. They are recited as being so filed by consent of court, but no order appears in the record allowing them. They include the general issue, a plea that Lucius G. Thompson was a joint maker, and not a guarantor of the note, a plea that the supposed promise sued on was without consideration, a joint, and the joint promisors were not included in the suit, and two pleas of the Statute of Frauds.

On the same day, apparently, the counsel for defendant Haines moved to set aside the verdict and for a new trial, and in support thereof read and filed certain affidavits of himself and the defendant Haines, in which affidavits they alleged surprise by the dismissal of the cause against Randall and Challman, through which surprise they were unable to interpose pleas for Haines, which would otherwise have been filed, and set up matters which, as in previous motions, they claimed should have caused a postponement or continuance of the cause from the short cause calendar, and prevented its trial before the jury which tried the same. Newly discovered evidence was also alleged. The court, however, denied the motion and the defendant excepted. Thereupon the defendant moved in arrest of judgment, which motion was denied, and exception taken. A motion for judgment for the defendant *non obstante veredicto* was also denied, which ruling was excepted to. Exception was also taken to the action of the court in entering judgment on the verdict. Under the numerous assignments of error the following points are relied on by plaintiff in error to secure a reversal of the judgment:

First. That as the case was not at issue when

placed on the short cause calendar, it should have been stricken off on the motion of the plaintiff in error.

Second. That the continuance of the case on May 8th before the hour of adjournment, to May 9th should have prevented its being taken up again as a short cause case, as the action amounted to taking the case out of order.

Third. Allowing the jury sworn to try the cause to hear and determine other cases without the consent of both parties, amounted to a discharge of the jury.

Fourth. Discontinuing the cause at the trial as to two of the defendants, entitled the remaining defendant to a continuance.

Fifth. The payment by the executor, without leave or order of the court appointing him, was a mere voluntary payment, and does not entitle him to recover the money so paid.

Sixth. The contract of indemnity between Haines and Thompson—plaintiff's "Exhibit B"—was without consideration, and placed no liability on Haines.

Seventh. The payment of defendant in error was not to the payee in the note, but to an absolute stranger thereto, and thus was a mere voluntary payment, for which no recovery can be had in this action.

F. M. WILLIAMS, for plaintiff in error.

LESLIE H. WHIPP and A. HALE VOLLINTINE, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

We have considered the points relied on by the plaintiff in error, and find no merit in any one of them.

The first position taken by him is that the rule of the Circuit Court providing that "no case shall be noticed for trial (on the short cause calendar) until the same is at issue," was violated in this case, and that as this rule is shown in the record in an affidavit offered

in support of the motion for a new trial, we should take notice thereof, and hold that the new trial was improperly refused.

It is not necessary for us to decide whether the fact that the special pleas were not replied to at the time of the notice, a replication traversing and tendering issue having been filed before the case was called for trial, would be in any case sufficient to warrant our reversing the judgment and remanding the cause, after a trial at which the defendant was present and in which he participated, simply because he had his day in court more promptly than the rules of court allowed. As the Supreme Court said in McDonald v. People, 222 Ill. 326: "In any event the motion to strike the cause from the short cause calendar came too late. A motion to strike a case from the short cause calendar is a dilatory motion, and should be made at the first opportunity. This was not done, but the cause was permitted, without objections, to remain upon the short cause calendar until it was reached for trial." This was in a case where the chief argument that the trial upon the short cause calendar was erroneous, was that the case was not at issue when noticed. The distinction attempted to be made by plaintiff in error in this regard, therefore, between cases where the motion to strike a cause from the short cause calendar is based on the ground of the insufficiency of affidavits, and those in which the motion is based on the cause not being at issue, cannot be recognized.

In the present case it would appear from the uncontradicted statement of counsel to the court, that a postponement of one week had been arranged between the parties before this motion was made. However that may be, the motion was too late.

We do not think that the second objection made to the time of trial of the cause is more meritorious than the first. Counsel admit that it is within the discretion of the trial court to finish trying a short

cause calendar case after the hour which it was expected to take has expired, but insists that the court, although it could have finished the trial on Monday, May 8th, could not adjourn it at 11 o'clock in the forenoon, and doing other business on Monday, take up the case and finish it in the first working hour of Tuesday—the 9th. Such a refined distinction does not commend itself to our common sense. The action of the trial judge was plainly within his discretion, and is justified by this court and by the Supreme Court in such cases as Griesheimer et al. v. Myers et al., 89 Ill. App. 665, and Armstrong v. Crilley, 152 Ill. 646, p. 649.

In the last case the Supreme Court say of a similar course to the one pursued here: "It is impossible to escape the conviction that the effort of the defendant by his several motions in the trial court was to accomplish the very thing the short cause calendar statute was designed to prevent."

To the third point of the plaintiff in error, that the swearing of the same jurymen to try other cases in the interim between the adjournment of the case at bar on Monday, and the reconvening of the court and jury to consider it on Tuesday, worked a discharge of the jury, we can find no support in reason or authority. The jurymen were still under oath to try the issues in this case fairly and were excused at eleven o'clock Monday from its consideration until the next morning. What the court did with them, or they did with themselves in the meantime, was no concern of the parties to this case, provided they did nothing improper affecting it.

The fourth point urged by plaintiff in error is that discontinuing the cause at the trial as to two of the defendants entitled the remaining defendant to a continuance. Judge Breese said in Thompson v. Sornberger, 78 Ill. 353, in speaking of the effect of the liberal provisions of our Practice Act of 1872, sections 24 and 26: "It is hardly ever too late to amend pleadings, whether before or after verdict, on such terms as

justice may seem to demand. Such a motion rests very much in the discretion of the court." See, also, Cogshall v. Beesley, 76 Ill. 445.

We do not understand that this doctrine is questioned by the plaintiff in error, or that he denies that to entitle him to a continuance because of the dismissal as to the other defendants, and the statement of the court that an amendment of the declaration could be made and allowed after verdict, he was obliged to bring himself within the terms of section 26 of the Practice Act; but he argues that he has done this by requesting time (which was denied him) to set up his surprise and the grounds of it in an affidavit on his motion for a continuance at the time of the trial, and by his motion for a new trial and the affidavits supporting the same, in which is set forth the necessity, after the change in the suit, for testimony which before such change was not required.

It appears by the record that defendant Haines, after the dismissal of his co-defendants, did ask that the cause be continued, because he was taken by surprise, and further asked for time "to set it"(presumably the surprise) up "in an affidavit." Being asked in what he claimed to be taken by surprise, counsel replied: "Taken by surprise because it is a changed action entirely." Whereupon the court denied his motion.

Treating, however, in favor of plaintiff in error, the affidavits in support of the motion for a new trial as having the effect of affidavit for continuance, and the refusal of a new trial as though it were the refusal of a continuance—in other words, considering the objection here alleged to the judgment as disposed of on the motion for a new trial, which we understand the trial judge announced his intention at the time of trial of doing, we fail to see in the affidavits offered by plaintiff in error any ground for holding that any material evidence in this cause would have been available

to plaintiff in error had the case been continued. The only evidence described is that the contract of indemnity marked "Plaintiff's Exhibit B" was executed subsequently to, although dated contemporaneously with, the note, and was executed without consideration, and that R. Magoon Barnes had stated to Haines (and would presumably testify) that he, Barnes, had loaned the $5,000 mentioned in the note to Lucius G. Thompson, and that Thompson signed said note as maker and not as guarantor.

This, if all proved, would be far from making a defense to this action as we view the evidence for the plaintiff—the defendant in error here.

The plaintiff himself swore that Haines had admitted personally to him, in express words, that the testator had "gone security" for him on the note, and that he, Haines, had received the money, and was trying to raise money to pay it. Mr. Haines did not take the stand to contradict this. He was a competent witness to do this under the exceptions to the disqualification of interested persons in a suit by an executor. There is no claim that Haines was absent or inaccessible at the trial on account of the situation before the dismissal of Randall and Challman, although it is strenuously contended that R. M. Barnes was for that reason absent.

Whether or not the contract—"Exhibit B"— was contemporaneously executed as its date indicates, or subsequently, as the affidavit of Haines states, and whether in the latter case any consideration contemporaneous with its execution passed or not, are immaterial questions. The paper was certainly competent evidence to prove a written admission of Haines corroborating the testimony of the defendant in error as to oral admissions. This was the evident object of its introduction. The suit was not brought on it.

The testimony of R. M Barnes, which it was said could be procured, that "he had loaned the $5,000 to

L. G. Thompson, and that L. G. Thompson signed said note as maker and not as guarantor,'' was equally immaterial.

The note spoke for itself—that as between Barnes and Thompson, Thompson was a joint maker, and Barnes may well have given credit to Thompson, rather than to the other makers, and "loaned Thompson" the money, without that state of things negativing the theory that as between Thompson and Haines, and indeed as between Thompson and the other three makers, Haines alone, or Haines and they, were principals and Thompson a guarantor, or surety. To that relation and to his right to recover under the circumstances of this case against Haines, his relations on the note to Barnes, or to any other holder, were immaterial. We do not think the court erred in refusing the continuance.

The next objection made by the plaintiff in error to the judgment is, that the defendant in error did not pay out the money for which he sued Haines as executor, but as a voluntary payment in his individual capacity, and that, therefore, he could not recover it suing as executor. This is based upon the proposition that there was no order of the Probate Court directing or allowing the payment. There is no merit in the point. Counsel say in their argument: "An executor or administrator, if he makes payment of the debts of an estate without requiring claims to be proved, makes such payment at his peril." Certainly he does—at the peril of having the payment disallowed in his account with the estate, unless he can show it a proper and necessary one.

It might have been competent, had it been possible, for the defendant here to have proved that the estate of L. G. Thompson was not liable on the note, and that the payment of it by the defendant in error made no claim against the estate, and inflicted no loss on it. But no such attempt was made, presumably for the reason that it would have been hopeless. The prin-

cipal contention of the defendant indeed seemed to be that the estate of L. G. Thompson was not only liable on the note, but was liable primarily and as directly receiving the consideration for it.

We have already practically disposed of the sixth objection made by plaintiff in error to the judgment by what we have said concerning the fourth. The suit was not brought on the contract which was introduced as plaintiff's exhibit B, and its consideration or want of it is immaterial. The plaintiff proved by competent evidence, admitted and allowed to stand as against Haines on the understanding clearly appearing in the record, that the other defendants might be dismissed out of the case before it went to the jury; that L. G. Thompson made himself liable on a note for the accommodation and in effect as a surety for Haines; that the estate of said Thompson was called upon at the maturity of the note to pay it, and did pay it, and had not been able to collect it from Haines. The consideration was ample to support the obligation of Haines, irrespective of exhibit B.

Consideration of the facts is also sufficient to show the answer to the final proposition of the plaintiff in error, that the payment to "May I. Barnes" as shown by the indorsement on the note, is no payment of the note—"not binding on the defendant, and for which no recovery can be had in this action." The argument seems to be that the action is on the note, and that as the indorsements on the note do not show title to it in the defendant in error, he cannot recover against Haines.

Under the facts shown by the evidence in the cause, the verdict and judgment could be sustained under the common money count found in the declarations before and after amendment for money paid out for the use of the defendant; and they could be sustained under the special count, in our opinion, without reference to the legal title to the note. The essential matter

is that when recovery has been had against Haines by the defendant in error, no other recovery can be had against him on the note as unsatisfied. No pretense can be made that such a thing is possible. The note is in the hands of the defendant in error, overdue and marked paid. The record of this case shows that Haines, primarily liable on it, has been held liable as the original payor.

R. M. Barnes, to whom the plaintiff in error attributes the legal title, can in no event lay any claim to the note, or its further proceeds. He has not possession of it; he has marked it paid, and the indorsement by which it is said to be paid to "May I. Barnes," is in his own handwriting and signed by himself as agent of said May I. Barnes. He is completely estopped from any claim on it. And, indeed, he is equally bound by such a memorandum to the assertion of ownership of the note in May I. Barnes at the time of payment as though he had regularly transferred the same by indorsement for such transfer.

Counsel makes his statement too broad by saying that "title to a negotiable instrument made payable to a specific payee can be transferred only by indorsement on the back thereof and delivery." There is a difference recognized between the equitable and the legal title to negotiable paper. If an owner of such paper delivers it for value unindorsed to another, the transferee gets the equitable title of the transferrer and the right to have his legal title completed by the the transferrer's indorsement. Martin v. Martin, 174 Ill. 371.

It is plain that R. M. Barnes would be in no position at any time to deny May I. Barnes' beneficial title to the note at the time the money on it was paid to him and he receipted for it as her agent. He thereby represented her to be the holder and owner of it.

We are convinced that substantial justice has been done in this case, and the judgment is affirmed.

*Affirmed.*