# Richmond.

## BENNETT v. COMMONWEALTH.

### December 6, 1906.

1. CRIMINAL LAW.—*Venire Facias—Sufficiency.*—Under section 4018 of Code providing that at one term of the court only one jury shall be summoned . . . which shall try all the cases which may be tried at that term, both felonies and misdemeanors, a jury summoned under a *venire facias*, regularly and properly issued for the trial of a designated person, may be used for the trial of all cases at that term. The statute does not require the name of every one to be tried to appear on the *venire facias*, nor that the writ shall show on its face that the jury may or will be used for the trial of all cases, at the term of the court to which the jury is summoned, nor that the persons to be tried shall be in actual custody at the time the writ issues.

2. CRIMINAL LAW—*Continuance—Adjournment to Secure Attendance of Witness.*—While not approving the practice of forcing a prisoner into trial in the absence of a material witness, upon a promise to have the witness present before the end of the trial, the verdict of the jury will not be set aside for that reason, where it appears that the witness, who was detained at home by sickness, did, after several adjournments of the case to secure his presence, appear and testify in behalf of the prisoner, and it does not appear that the prisoner was, or could have been, prejudiced by such adjournments.

3. CRIMINAL LAW—*Jury—Separation—Adjournment from Time to Time.* Upon the trial of a felony case where the jury is not required to be kept together, the propriety of adjourning the jury from time to time to secure the presence of a witness, lies in the discretion of the trial court, subject to review; but upon review, the exercise of this discretion is not cause for reversal where it is not suggested that the jury has been tampered with, and it appears from the whole case that the accused has not been prejudiced.

4 CRIMINAL LAW—*New Trial—After-Discovered Evidence.*—A new trial on the ground of after-discovered evidence will not be granted where such evidence is chiefly impeaching.

Error to a judgment of the Circuit Court of Franklin county on a prosecution for a felony. To a judgment of conviction defendant assigns error.

*Affirmed.*

The opinion states the case.

*P. H. Dillard,* for the plaintiff in error.

*Robert Catlett, Assistant to the Attorney-General,* for the Commonwealth.

CARDWELL, J., delivered the opinion of the Court.

Plaintiff in error, W. H. Bennett, was indicted on January 2, 1906, in the Circuit Court of Franklin county for a malicious assault, and appeared in court on the 15th day of March, 1906, and asked for and secured a continuance of his trial to March 19, 1906, when at his instance a further continuance was granted to the 22d day of March, 1906, on which day the trial commenced. When the case was called for trial, one S. J. Dudley, a witness for plaintiff in error, who had been theretofore recognized, failed to appear, and plaintiff in error again asked for a continuance on account of Dudley's absence, but the trial was proceeded with, the court stating that the witness would be gotten before the evidence was closed. After all the witnesses present had been examined, and the witness Dudley not appearing, the case was adjourned to March 31, 1906, and on that day, Dudley being again absent, the case was adjourned to April 10, 1906, at which time Dudley appeared and testified, and the case was given to the jury; whereupon the jury found plaintiff in error not guilty of malicious wounding, but guilty of unlawful wounding, as charged in the indictment, fixing his punishment at one year's confinement in the state penitentiary, which verdict the court on June 5, 1906, refused to set aside on

the motion of the plaintiff, made in due time, but which the court took time to consider, and rendered judgment in 'accordance with the verdict.

Upon three grounds we are asked to reverse this judgment—first, because of the refusal of the court to quash the *venire facias* under which the jury trying the plaintiff in error was summoned; second, because the court forced plaintiff in error to trial in the absence of the witness Dudley, upon a promise to have the witness before the end of the trial; and, third, because of the refusal of the court to grant a new trial on the ground of after-discovered evidence.

It appears that the *venire facias* was regularly and properly issued for the trial of one Toad Holly, who was under indictment pending in the Circuit Court of Franklin county, in accordance with section 4018, Virginia Code (1904), which is as follows: "The writ of *venire facias,* in case of felony, shall command the officer to whom it is directed ·to summon sixteen persons of his county or corporation, to be taken from a list furnished him by the clerk issuing the writ, who are qualified in all respects to serve as jurors, to attend the court wherein the accused is to be tried on the first day of the next term thereof, or at such other time as the court or judge may direct. At one term of the court only one jury shall be summoned, unless the court or judge thereof otherwise direct; and the jury so summoned may be used for the trial of all the cases which may be tried at that term, both felonies and misdemeanors."

It is contended for plaintiff in error that as he was in the state of West Virginia, where he had gone to live, though not a fugitive from justice, it was not contemplated that he should be tried at the term of the court to which this *venire facias* to try Holly was issued; that if the court had intended to use the jury summoned pursuant to this *venire facias* for the trial of all the cases at that term, the same should have been shown on the face of it; and that the *venire facias* was no *venire facias* so far as plaintiff in error was concerned, or so far as anyone

else was concerned, except the man Holly, for whose trial it was directed, as shown on its face.

As supporting these contentions *Hoback's Case,* 104 Va. 871, 52 S. E. 575, is relied on. In that case the vice was in the writ, and the court simply held that in effect there was no writ at all; while in this case the objection is not for an alleged irregularity in issuing the writ, but to the use of the jury summoned thereunder for the trial of plaintiff in error.

The indictment of plaintiff in error was pending in the court when the *venire facias* in question was issued, and the record shows affirmatively that every requisite of this statute, *supra,* was strictly and literally complied with. The statute is, "that the jury so summoned may be used for the trial of all the cases that may be tried at that term." It does not require the name of every one to be tried to appear thereon, nor that the writ shall show on its face that the jury summoned may or will be used for the trial of all cases at the term of the court to which the jury is summoned; nor that the person to be tried shall be in actual custody at the time the writ issues. We are of opinion, therefore, that there is no merit whatever in the contentions of plaintiff in error with respect to the *venire facias* under which the jury trying him was summoned.

The court is further of opinion that there is no merit in plaintiff in error's second assignment of error, which relates to the refusal of the court to continue his case because of the absence of the witness, Dudley, upon the promise that the witness should be present before the end of the trial. Whether the evidence of this witness was or was not material is left to conjecture, as none of the evidence in the case, except such as was heard by the court on the motion for a new trial on the ground of after-discovered evidence, appears in the record.

In *Cremeans' Case,* 104 Va. 860, 52 S. E. 462, 2 L. R. A. (N. S.) 721, relied on as sustaining this assignment of error, the opinion of the court does condemn in unmistakable terms the practice of proceeding with the trial of one accused of a crime

in the absence of a material witness for the defense upon the
condition that the evidence of the absent witness could be used
as the basis for a new trial, should his attendance not be se-
cured until after the verdict; but the judgment was affirmed on
the ground that it was made to appear subsequently that as "no
such witness in fact existed" the accused could not complain
that the motion for a continuance was erroneously overruled, as
he had not been prejudiced thereby.

In the case at bar, while the court is not at all inclined to
approve of the practice indulged in by the trial court of forcing
one accused of crime into trial in the absence of material wit-
nesses, upon the assurance merely that if they arrive before
verdict they can testify, we are unable to see that the plaintiff
in error has been or could have been prejudiced by adjourning
over his case from time to time during the same term of the
court to await the examination of his witness, Dudley, who was
detained at his home by sickness. The argument that plaintiff
in error *might have been* injured by the necessary delay in his
trial would be equally as forceful if adjournment of the trial
had been from day to day during its continuance. In either
case this court would not be justified in reversing the judgment
of the trial court unless it could be seen from the record that the
accused was or might have been injured by the delay caused by
the adjournment of his trial from day to day or from time to
time during the term. *Cremeans' Case, supra.*

Nor is there any merit in the contention that the plaintiff in
error is entitled to a reversal of the judgment of the trial court
because "the jury was discharged from time to time covering a
period of about three weeks, many of them went home attending
to their business elsewhere than at the courthouse, others were
taken by the court and used in the trial of other cases." The
charge against plaintiff in error was not of such a character that
it was necessary to keep the jury together, and if it was proper
to adjourn the jury from day to day without requiring them to
be kept together, etc., it was equally permissible to adjourn

Opinion.

them from time to time during the continuance of the same term. It is not even suggested that the jury were contaminated by contact with the "outer world"; nor any facts or circumstances shown from which it could be seen that he *might have been* prejudiced by the adjournment of the jury as stated. In such a case, whether there should be an adjournment pending trial is peculiarly within the province of the trial court, subject, however, to review as in other cases; but, on review in an appellate court, the exercise of this broad and necessary discretion will not be cause for reversal if it appears from the whole case that the accused has not been prejudiced. *Taylor v. Com'th*, 77 Va. 695.

The remaining assignment of error is the refusal of the court to grant plaintiff in error a new trial on the ground of after-discovered evidence.

In considering this motion the court below heard the witnesses orally as to the evidence they would have given at the trial if they had been called to testify, and the counter evidence adduced by the commonwealth to show that the alleged ground for a new trial did not exist. This evidence is certified in the record, and after a careful examination of it we deem it only necessary to say that the court below was plainly right in ruling that the after-discovered evidence offered by plaintiff in error was "chiefly impeaching, and as a whole was not sufficient to justify it in setting aside the verdict." *Johnson's Case*, 104 Va. 881, 52 S. E. 625; *Nicholas' Case*, 91 Va. 741, 21 S. E. 364; 16 Am. & E. Enc. L. 534; *Hunt v. State*, 81 Ga. 140, 7 S. E. 142.

The judgment of the Circuit Court is affirmed.

*Affirmed.*