JOSEPHUS ANDERSON, JR., *Plaintiff in Error,* v. J. W. CARUTHERS AND J. S. COLLINS, *Defendants in Error.*

1. In the absence of a bill of exceptions, errors assigned upon matters *in pais* will not be considered.

2.  A jury while trying one case, should not be used in the trial
of another case.

3.  A plaintiff, who continues the trial of his cause before a jury,
which had been improperly used as the jury of another cause
during an intermission, will not be entitled to a reversal, in
the absence of any showing of objection before verdict to
the irregularity or of probable injury.

Writ of error to the Circuit Court for Sumter County.

The facts in the case are stated in the opinion of the court.

*Jones & Jones,* for Plaintiff in Error;

*Dayton & Dayton* and *Glenn Terrell,* for Defendants in Error.

COCKRELL, J.—In an action for tort there was verdict and judgment for the defendants. The cause is here by writ of error upon the record proper, without a bill of exceptions.

There are numerous errors assigned depending wholly for their solution upon matters *in pais* and which call for no further discussion. This remark applies to the assignment so much stressed in the brief, based upon the supposed misstatement by a venireman on his *voir dire.*

There is written into the transcript much that counsel or the Clerk suppose took place at the trial, and as to which the minutes of the court as signed by the Judge alone can speak to us. Many statements are thus made as to the building occupied by the Court in the trial of this cause, wherein the plaintiff in error was the non-

complaining actor. To give some slight color to some of the statements thus incorporated without authority into the transcript, there is copied a plea in abatement in a criminal case, filed about the same time, which plea was confessed by the State Attorney, and in so far as the facts therein set forth may be conceived to have injured this plaintiff in error, we have heretofore in that case adjudicated the contrary. See Beville v. State, 61 Fla. 8, 55 South. Rep. 854.

There is however one asignment deserving thoughtful consideration.

From the minutes of the court we learn that this case was called for trial on October 26, 1909, that a jury was secured and the testimony being unfinished, there was an adjournment to the next morning. It further appears that the next morning, a jury, bearing the same names, was called to try a criminal case for adultery, resulting in a conviction. It also appears as an item of the minutes, subsequent in place, that on that morning this civil case was resumed with the original jury. We think it fair then to the Circuit Judge, especially with the admissions in the briefs, to hold that the jury charged with the decision of this case, was called off to try another case, and after its conclusion, resumed the consideration of this one.

That such practice is fraught with danger we not only concede, but emphasize. Trained judges may carry in their minds successfully two cases simultaneously, but it is unfair to impose such burden upon a jury. Moreover it is impossible to tell in advance, what facts or circumstances may arise in the substituted case that may improperly influence the consideration by the jury of the cause first submitted to them, nor can the parties in the first case control the introduction of evidence

in the second, nor other circumstances attending it. We find but one adjudication at all in point, that of Tribble v. Anderson, 63 Ga. 31,—in that case the court speaking through Judge Bleckley strongly condemns the practice.

We, however, cannot say that in the instant case, the irregularity of practice necessitates a reversal. No objection seems to have been offered—we do not know that any material evidence had been offered before the adjournment. In the Georgia case the evidence was all in. And the criminal case tried in between, was apparently upon a wholly distinct subject matter and so trivial or simple in its facts, that the record discloses, it was submitted to the jury without argument. Much must be left of necessity to the trial court, and there is a duty upon counsel, especially in civil cases, to make timely objections to irregularities in matters of practice in causes in which they represent the actors.

The judgment is affirmed.

Whitfield, C. J., and Taylor, Shackleford and Hocker, J. J., concur.