## LUTHER DAVIS v. THE STATE.

No. 14322.  Delivered June 10, 1931.

The opinion states the case.

*A. S. Johnson,* of Winona, and *Whit Owen,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully transporting intoxicating liquor; penalty assessed at confinement in the penitentiary for two years.

The state's testimony may be summarized as follows: On the 30th day of October, the appellant borrowed an automobile from Chester Haggerty. Joe Miller was with the appellant. The above was the testimony of Haggerty. In the car the appellant and Miller drove to a place near Palestine, where the appellant put a carton in the car. While returning to Tyler, both Miller and the appellant were arrested. In the car (which was driven by Miller) was a carton containing four gallons

of whisky. The above is the testimony of Miller, who was a co-indictee of the appellant.

The court instructed the jury that Miller was an accomplice and that his testimony required corroboration.

From the testimony of the officers who made the arrest, it is shown that after pursuing the car in which the appellant and Miller were riding and which Miller was driving, the two were arrested and the car searched. In the car the officers found the carton containing four gallons of whisky.

Appellant introduced testimony supporting his reputation as a law-abiding citizen. His testimony is summarized as follows: He and Miller were riding in a car. They drove in the neighborhood of a place called Bullard, where there were some woods. They were in company with each other except for about ten minuts, during which time he left the car while Miller was sitting in it. The trip was arranged by Miller, and the car obtained by him. Appellant denied that he put the carton of liquor in the car and claimed that he had never seen it until it was discovered by the officers upon the occasion of the arrest.

The sufficiency of the evidence is attacked upon the ground of want of corroboration of the witness Miller. Under the statute, an accomplice, used by the state, will not support a conviction unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. In the present instance, the commission of the offense, that is, the transportation of intoxicating liquor, is shown by the officers who made the arrest, as well as by the accomplice witness. The appellant's connection with the car in which the liquor was transported was proved by Haggerty, who testified that the appellant borrowed the car from him. The possession of four gallons of liquor in the car in which Miller and appellant were riding is criminative evidence against both of them, and certainly tended to connect the appellant with the commission of the offense. The testimony of Haggerty also tends to connect the appellant with the commission of the offense. His defensive theory, namely, that Miller was the borrower and possessor of the car and that the whisky was put therein by Miller without the knowledge and consent of the appellant was an issue upon which the jury passed under the charge of the court, against which there are no objections urged.

In the motion for new trial the conviction is attacked upon the ground that after the evidence was closed and while the attorneys for the appellant were making an examination of the charge of the court, the judge submitted to the jury in succession three cases of persons who had entered pleas of guilty, and verdicts in the three cases mentioned were rendered by the jury under the circumstances above stated. The

person who were then tried were white men charged with burglary. The appellant was a negro. It is claimed in the motion that this procedure was without the consent of the appellant and was prejudicial to his rights. Evidence was heard upon the motion for new trial. It was shown that after the evidence was closed and while counsel for the appellant were examining the charge of the court, the statement was made in open court and in the presence of the appellant and his attorneys that, if there was no objection, the prosecuting attorney would use the jury in some other cases in which there were pleas of guilty and in which there would be no contest and that the minimum punishment was agreed upon. Each of the appellant's attorneys stated that he had no objection to the procedure mentioned. The jury was then sworn in each of the cases successively, evidence heard, verdicts rendered, and the lowest penalty assessed in each case. The appellant was present and made no objection to the procedure, and the attorneys in his behalf, as stated above, expressly waived any objection thereto. In article 11, C. C. P., it is declared that one accused of crime may waive any right secured to him except the right of trial by jury in a felony case. The procedure under consideration is novel and might under some circumstances be injurious. As a precedent, we are not disposed to commend it. In the present instance, however, there is no injury shown and no facts stated which would lead to the conclusion that the interest of the appellant was prejudiced. The accused was not deprived of a trial by a jury. The matter appears to be but an irregularity which the appellant's counsel affirmatively sanctioned and against which he interposed no objection until after the verdict. Under the annotations of the statute above mentioned (Art. 11, supra) are many citations of cases in which the question of waiver has been considered by the court.

In the case of Grant v. State, 3 Texas App., 1, the question of the effect of a waiver by counsel was presented and decided against the accused. It appeared that the statute with reference to the manner of impaneling the jury had been changed. Counsel for the appellant waived the empaneling of the jury under the new law and consented that it be impaneled under the old law. Appellant at the time did not object. The court held that in the absence of injury shown the waiver was binding. It is thought that the same rule would be applied in the present appeal.

The judgment and sentence ignore the Indeterminate Sentence Law, art. 775, C. C. P., 1925, under the terms of which the appellant should be condemned to suffer confinement in the state penitentiary for a period of not less than one nor more than two years.

The judgment is reformed and affirmed.

*Reformed and affirmed.*