## BROWN v. UNITED STATES.
### No. 7060.

United States Court of Appeals for the District of Columbia.

Argued May 18, 1938.

Decided June 27, 1938.

Petition for Rehearing Denied July 27, 1938.

James J. Laughlin, of Washington, D. C., for appellant.

Roger Robb, Asst. U. S. Atty., of Washington, D. C., for appellee.

---

[7] Naddo v. Bardon, 8 Cir., 51 F. 493, 495.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

Appellant was convicted of rape and sentenced to serve not less than three nor more than ten years in the penitentiary. Two grounds of error are-assigned on this appeal.

*First.*—That the court erred in permitting the jury to separate and disperse after the cause had been submitted.

The bill of exceptions shows that after the case had been submitted to the jury and they had deliberated for approximately one hour and a half, they sent word to the court, through the marshal, that they wished to hear further evidence concerning the exact time the report of the rape was received at the police station. After conference with the court, and with the court's approval, counsel agreed to submit further evidence on this question. Counsel for appellant, however, stated that he was not then prepared to go forward and wished an adjournment until the following morning, and it was then agreed that the jury might separate and return at ten o'clock the next morning, counsel for appellant expressly consenting to the action of the court in adjourning the trial and excusing the jury until the next day. On the following day the jury heard further evidence as to the time the offense was reported to the police, and appellant was permitted to call a final witness in support of his alibi. The jury then resumed consideration of the case, and a little later returned with a verdict of guilty. It is not suggested or contended that any improper communication or influence reached the jury while they were separated or that, as the result of the prolongation of the case, anything prejudicial to appellant occurred. Counsel for appellant now insists, however, that the action of the court is reversible error, even though the separation was by agreement and even though the result of the separation was not prejudicial.

The question is not new. In McHenry v. United States, 51 App.D.C. 119, 276 F. 761, 34 A.L.R. 1109, we held that it is in the discretion of the court to permit the jury to separate, even in a homicide case, and that the court's action in that respect will not be reviewed unless it appears affirmatively that prejudice resulted to the defendant. We cited in support of this ruling a capital case from Maryland,[1] from which State we get our common law, wherein the opinion was rendered by Chief Judge Alvey, later first Chief Justice of this court. The rule is the same in Virginia.[2] We also cited Holt v. United States, 218 U.S. 245, 251, 31 S.Ct. 2, 54 L.Ed. 1021, 20 Ann.Cas. 1138, which was a murder case in which the jury were permitted to separate. There the Supreme Court said that the discretion of the trial court in denying a motion for a new trial will not be reviewed in the absence of a conclusive showing that the action in overruling the motion was wrong. See, also, to the same effect, Lucas v. United States, 8 Cir., 275 F. 405, certiorari denied 258 U.S. 620, 42 S.Ct. 272, 66 L.Ed. 795. An exhaustive annotation on the subject generally may be found in 34 A.L.R. 1115.

We adhere to our decision in the McHenry Case, but in saying this we deem it not improper to draw forcibly to the trial court's attention that the discretion which we hold exists should be exercised with the greatest circumspection, especially in prosecutions for capital offenses. And in all criminal cases whenever jurors are permitted to separate, the court should invariably admonish them not to communicate with any person or allow any person to communicate with them on any subject connected with the trial, and not to read published accounts of the course of the trial.

In the present case the separation of the jury was for the accommodation of appellant, with the express consent of his counsel, and with the approval of the court. Since there is no statutory prohibition against separation and no intimation, much less a showing, of prejudice, we think the circumstances cannot justify our holding there was error.

*Second.*—It is alleged also as error that the judge should have directed a verdict of acquittal and, having refused to do so, should have set aside the verdict of the jury on the ground it was contrary to the weight of the evidence. We have examined the evidence carefully. It is admitted the rape was committed, and the only question was one of identification. Against appellant's defense of alibi there was positive

---

[1] Stout v. State, 76 Md. 317, 330, 25 A. 299, 303.

[2] Bennett v. Commonwealth, 106 Va. 834, 55 S.E. 698.

testimony identifying him as the assailant. The issue was a proper one for the jury, and we cannot,—if we would,—substitute our judgment for theirs on this question of fact.

Affirmed.