**LOUISIANA & ARKANSAS RAILWAY COMPANY, Appellant,**

v.

**B. A. ROBINSON, Appellee.**

No. 6957.

Court of Civil Appeals of Texas.

Texarkana.

May 9, 1957.

Rehearing Denied May 30, 1957.

L. L. Bowman, Jr., Greenville, for appellant.

Jones, Brian & Jones, C. A. Brian, Marshall, Joe N. Chapman, Sulphur Springs, for appellee.

DAVIS, Justice.

Plaintiff-appellee, B. A. Robinson, an employee of appellant, sued appellant-defendant, Louisiana & Arkansas Railway Company, for damages sustained on October 12, 1955, when two trains operated by appellant collided (head-on) between the towns of Como and Brashear, in Hopkins County, Texas. Como is south of Brashear.

Appellant had issued orders to two trains destined to meet upon the same route, one traveling north and one traveling south. The train going south was issued orders to prepare for the meeting of the northbound train at Como. The northbound train was issued orders for meeting the southbound train at Brashear. The two trains collided head-on between the two places as a result of the negligence of the appellant in issuing such orders. Negligence of appellant was at least orally admitted in this Court. As a matter of fact, denial of such negligence was only made by formal pleading. Trial of the case was to a jury which resulted in a jury verdict and judgment in favor of appellee in the sum of $100,000.

Motion for new trial was filed by appellant which contained only the following alleged errors: "Because the verdict of the jury is contrary to the evidence. Because the verdict of the jury is contrary to the law." No amended motion for new trial was filed. Such purported assignments of error raise no assignment at all that can be considered by this Court. Rule 322, Vernon's Ann.Texas Rules of Civil Procedure; Arana v. Gallegos, Tex.Civ. App., 284 S.W.2d 958, no wr. hist., and authorities cited therein.

Appellant attempts to bring forward two points of error. By point 1 it complains of the action of the trial court because the trial court, during the actual trial of this case, instructed the attorneys and parties, both plaintiffs and defendants, in this case, to stand aside as he was going to try a criminal case, which was to be a plea of guilty. The trial court inquired of the State's attorney and the defendant on trial in the criminal case if it would be agreeable to use the same jury trying the civil case. No objection was made by the State's attorney or the defendant, nor either party to this suit objected to the use of the same jury prior to the presentation of the indictment and the evidence in the criminal case. After the evidence was sub-

mitted in the criminal case and the jury had retired to deliberate its verdict, appellant filed a motion for mistrial, contending that it was error to interrupt the trial of the civil case and use the same jury to try the criminal case without the consent of appellant. Appellant contends in this Court that such action was fundamental error, which error, it could raise in this Court for the first time without the necessity of assigning the same in a motion for new trial in the trial court. Such contention as to fundamental error is true. Ramsey v. Dunlop, 146 Tex. 196, 205 S.W. 2d 979. Under the same authority, this Court or the Supreme Court can take judicial knowledge of fundamental error without same having been raised. We have concluded that such action was not fundamental error.

■ The appellant could have made its objection to such proceeding prior to the presentation of any pleading or evidence in the criminal case, and having failed to do so, such objection was waived. We point out that as soon as it was made known to the trial court that appellant objected to the proceedings in the criminal case, he recalled the jury, discharged it from service in the criminal case and instructed them not to consider any of the matters brought out in the criminal proceeding in arriving at their verdict in the civil case. The only case anywhere near the question by any Texas court is the case of Bauer v. Bauer, Tex.Civ.App., 145 S.W.2d 599, no wr. hist. The Bauer case was recessed after the jury was selected and sworn to try the case on October 18, 1939, to October 20, 1939, with the consent and acquiescence of the party claiming error. On October 19th another civil case was tried involving assault and battery. Eight members of the jury that had already been selected and empaneled to try the Bauer case was selected and empaneled to try the assault and battery case. The court held this was not reversible error. There is a criminal case, Davis v. State, 118 Tex.Cr.R. 241, 40 S.W.2d 99, which

holds that the action of the trial court in using the same jury in a criminal case to hear three pleas of guilty, while the court's charge was being examined, was not error. We find authority that will support the action of the court in this case by courts of other jurisdictions. See Cissel, Talbot & Co., v. Hayden, 41 App. Cases, D.C. 477, 479, 480; Haines v. Thompson, 129 Ill.App. 436; Bennett v. Commonwealth, 106 Va. 834, 55 S.E. 698; Anderson v. Caruthers, 63 Fla. 61, 58 So. 131; 88 C.J.S. Trial § 5, p. 24. We have been cited to only two cases holding to the contrary, Tribble v. Anderson, 63 Ga. 31; and Lyons v. Hamilton, 69 Iowa 47, 28 N.W. 429; Id., 72 Iowa 759, 33 N.W. 655, and we have found no other. Neither of the last two cases holds such action to be fundamental error. And, these cases appear to have involved full-blown and hotly-contested trials. In this case, the jury was only called upon to fix the punishment because the defendant in the criminal case entered a plea of guilty. It is true that the charge against the defendant in the criminal case was a serious charge for a most heinous crime; that of rape (by consent) on his 12-year-old daughter in which the defendant apparently attempted to justify his conduct on the grounds of invitation. We do not expressly approve such practice in the trial of civil cases. At least, a better practice would be to secure the consent of the parties.

The other point assigned by appellant in its brief is that the jury verdict and judgment of the trial court is excessive. Even though we hold that the point has not been properly preserved, we have carefully examined the record in this case, and without extensively discussing the evidence, we find the point to be without merit. The age of appellee, 31 years, with an annual income of about $6,000 per year and a life-expectancy of 36 years, coupled with the medical testimony and jury findings, fully support the amount of the judgment.

We have carefully examined the record in this case (it was well tried by counsel

for both parties) and we have discovered no error that could have been raised by appellant, in our opinion, in an amended motion for new trial that would justify a reversal of this case.

Appellant's points of error are overruled, and the judgment of the trial court is affirmed.