Louis F. FOX, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 18820.

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1961.

Rehearing Denied Feb. 8, 1962.

C. Anthony Friloux, Jr., Warren L. Eddington, Houston, Tex., for appellant.

Robert A. Hall, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and RIVES, Circuit Judges.

PER CURIAM.

The appeal presents no showing of substantial error, and for the reasons hereafter stated, we affirm the judgment of the trial court.

Appellant was indicted, tried before a jury, and convicted on four counts of embezzlement in violation of 18 U.S.C. § 657 in the United States District Court for the Southern District of Texas. He was sentenced to imprisonment for a period of thirteen months and fined eight thousand dollars.

Errors assigned are: the failure of the trial court to allow appellant's counsel to interrogate individual jurors; the alleged failure of the trial court to fairly and adequately sum up the appellant's theory of defense; alleged prejudicial comments and instructions to the jury during deliberation; and insufficiency of the evidence to support the jury verdict.

The procedure to be followed in the examination of jurors is within the discretion of the trial judge. Fed.R. Crim.P. 24(a), 18 U.S.C. The latter rule has been adopted by the United States District Court for the Southern District of Texas in its Rule 32. The trial judge in this case, in refusing permission to interrogate the jurors individually, neither abused his discretion nor, in stating: "We * * * follow the contrary practice [to personal interrogation of jurors]", did he assert the existence of a rule for the Southern District of Texas contrary to its Rule 32 and Fed.R.Crim. P. 24(a). In any event, no prejudice to appellant is shown.

The comments and charge of the trial judge were fair and impartial and were not erroneous. The same is true

**218**

of the comments and instructions to the jury during its deliberation. The verdict of the jury is fully supported by the evidence.

The judgment is

Affirmed.