**Lonnie H. STONE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20270.**

United States Court of Appeals
Fifth Circuit.

Nov. 13, 1963.

Rehearing Denied Dec. 17, 1963.

S. Gunter Toney, Tallahassee, Fla., for appellant.

Clinton Ashmore, U. S. Atty., Tallahassee, Fla., C. W. Eggart, Jr., First Asst. U. S. Atty., Pensacola, Fla., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before RIVES and JONES, Circuit Judges, and DAWKINS, District Judge.

JONES, Circuit Judge.

The appellant asserts that his conviction of moonshine activity was erroneous and should be reversed.

The judge of the District Court for the Northern District of Florida, on December 4, 1961, sent out an instrument which the United States Attorney calls a Letter Directive and which counsel for

the appellant calls a blanket order. It was directed to the U. S. Marshal, Clerk, Deputy Clerks and Jury Commissioners. It was in these terms:

"Effective this date the names of jurors drawn for service on the grand jury or the petit jury in this District, or any division thereof, shall not be disclosed or published to any persons whatsoever in the absence of further order of this Court until the day of the beginning of service of such jurors for the term for which they have been subpoenaed.

"This procedure has been followed for a long time in many other Districts. While I am confident that our old system has not been abused to any great extent, we have, nevertheless, had enough occasions where it was to suggest the need of such a restriction as this. Indeed, I am inclined to believe that this will eliminate the possibility of many situations which, if not actual violations of the obstruction of justice statutes, give rise to possible suspicion and subject prospective jurors to annoyance if not pressure."

The appellant's case was set for trial on December 3, 1962, the opening day of a trial term of the Marianna, Florida, division of the court. On November 29, 1962, the appellant filed a motion for leave to inspect the list of jurors and, in the alternative, for a continuance to a date later than the opening day of the term. On December 3, 1962, the appellant stated that he was not ready for trial for the reason asserted in his prior motion and sought a continuance. The court overruled the appellant's objection and the case proceeded to trial.

During the voir dire examination of the prospective jurors, the record shows the following:

Defense Counsel:

"Gentlemen [of the jury] I direct this question to all of you, if at the close of this case the evidence ap-

pears to be well balanced, or even, would you tend to favor one side or the other?"

The Court:

"Mr. Toney, I think that is a little confusing. I will say if we are going to ask questions that call for legal conclusions you had better direct your question to the Court first."

"All right, sir. The question is, if any of the jurors—

The Court:

"I heard the question."

Defense Counsel:

"Will you permit the question?"

The Court:

"No. Not in the form stated."

Defense Counsel:

"Members of the Jury, if at the end of the case and the evidence is fairly equally balanced—I direct this question to the Court first—and the Court instructs you that if you find that the government has failed to meet this test; that is the burden of proof beyond a doubt, would you follow the Court's instruction and acquit the defendant?"

U. S. Attorney:

"May it please the Court, I think he should use the words 'reasonable doubt'."

The Court:

"Let me say this, gentlemen, that is the difficulty in asking legal questions on voir dire examination, it calls for the Court to have to step in and Charge the jury when we haven't even got a jury. Let me ask the jury this, you have already been asked this once, if you are accepted as a juror in this case, will you take the law as it is my duty to give it to you, will you accept the law as I give it to you and accept the fact, whether it is right or wrong, it is my duty to tell you what the law is and it is your duty to accept it as a juror in this case, to accept that law, will you

do so, whatever it may be whether it is about the standards of proof or anything else. * * * I think that covers everything."

Defense Counsel:

"Your Honor, may I specifically specify the reasonable doubt rule and the offer of circumstantial evidence rule in this type of question?"

The Court:

"Is it applicable? I am not sure that it is applicable at this point. You may ask, so will you accept this Charge of the Court as to the standards that require the government to prove its case beyond a reasonable doubt and as to how you shall apply certain standards of evidence if that is applicable? Will you do so?"

Jurors:

Nodded affirmatively.

The Court:

"There is your answer."

Defense Counsel:

"May I ask the Jury if they find the case is built on circumstantial evidence—"

The Court:

"I have already asked them if it is applicable will they follow the instruction. That is all that need be said on the subject."

Defense Counsel:

"Gentlemen, have any of you read anything about this case in the newspaper? I believe one gentleman mentioned that he had heard some comment."

Juror:

"I have heard it mentioned."

Defense Counsel:

"I believe that you have answered that that comment would not affect your verdict one way or the other and that you would base your verdict on the evidence from the witness stand?"

Juror:

"Yes, sir."

Defense Counsel:

"Gentlemen, the fact that this is a moonshine whiskey case, as the U. S. Attorney has stated to you, would this fact embarrass you or prejudice you in any way against the defendant in trying this type of case?"

Jurors:

Nodded, no.

Defense Counsel:

"Are any of you ex-law enforcement officers?"

Juror:

Indicated he was.

Defense Counsel:

"What type of officer?"

Juror:

"Jackson County deputy sheriff."

Defense Counsel:

"How long ago?"

Juror:

"Approximately six or seven years."

On appeal, it is urged by the appellant that the order or directive of the district court prohibiting disclosure or publication of the list of petit jurors until the opening day of the term, its refusal to allow inspection of the summons issued to petit jurors, its denial of a continuance in order to permit an investigation of the qualifications of those called for jury duty, and the restriction of the voir dire examination of prospective jurors, were, severally and collectively, discriminatory and a denial of due process of law.

Perhaps a benefit might inure to a defendant in a criminal case from an opportunity to investigate the background, environment, and other matters pertaining to those who have been summoned for jury duty. But a deprivation of whatever benefit that might result from a denial of such opportunity would, in the main, be offset by a voir dire examination of those called into the jury box. The denial of access to the jury list to a defendant put to trial on the first day of a term might deprive him of a slight advantage accruing to a defend-

ant whose trial was set for some days later, but the first has no right to complain unless he has a right to enjoy the privilege accorded to the other. An inference may be drawn from the statutory requirement that a list of veniremen be furnished prior to trial in capital cases, 18 U.S.C.A. § 3432, that the Congress felt there was no necessity for such a provision in the trial of non-capital cases. It has been established in this Circuit that the trial court might, in its discretion, withhold the list of jurors until the day of the trial as was done in this case. Wilson v. United States, 5th Cir. 1939, 104 F.2d 81, cert. den. 308 U.S. 574, 60 S.Ct. 89, 84 L.Ed. 481; Spivey v. United States, 5th Cir. 1940, 109 F.2d 181, cert. den. 310 U.S. 631, 60 S.Ct. 1079, 84 L.Ed. 1401. Decisions of other circuits are referred to in Hamer v. United States, 9th Cir. 1958, 259 F.2d 274, 279, cert. den. 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577, reh. den. 359 U.S. 962, 79 S.Ct. 799, 3 L.Ed.2d 769. See also Wagner v. United States, 9th Cir. 1959, 264 F.2d 524.

The procedure to be followed in a voir dire examination of jurors in a criminal case is within the discretion of the trial court. Rule 24(a) Fed.Rules Crim.Proc. 18 U.S.C.A.; Fox v. United States, 5th Cir. 1961, 296 F.2d 217.

In the case before us the trial judge was very liberal in permitting counsel to supplement the court's voir dire questioning, as is shown by the somewhat extended excerpt which has been transposed from the record to this opinion. The trial court did not permit the questioning of jurors with respect to propositions of law and its action was a proper one. We find no error in the record, and no abuse of discretion in the court's refusal to permit access to the jury list prior to the day of the trial, nor in the court's rulings on voir dire questions of appellant's counsel. Neither does the combining of the two disclose any error or abuse of discretion. The judgment of the district court is

Affirmed.