Clarence Edward GRANT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 23196.

United States Court of Appeals
Fifth Circuit.

Nov. 15, 1966.

Charles D. Read, Jr., Atlanta, Ga., for appellant.

Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES, BELL and THORN-BERRY, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

Appellant was convicted on a two count indictment charging him with theft of interstate shipments in violation of 18 U.S.C.A. § 659. He does not challenge the sufficiency of the evidence to support the verdict of the jury but asserts three errors based on the trial procedure followed by the court. We reverse on one of the errors assigned.

Appellant was employed as a delivery truck driver in Atlanta. In one count of the indictment he was charged with taking a shipment destined for Sears, Roebuck and Company while in the act of delivering the shipment for Ryder Truck Lines. In the other he was charged with taking a shipment destined for a store in Milwaukee while employed by Ryder Truck Lines, and while in the process of delivering the shipment to another truck line for transhipment to Milwaukee.

It was undisputed that appellant was so employed on the dates in question and had access to the shipments in question. Two accomplices, Holtzclaw and Small-wood, testified that they assisted in diverting the goods; and, with respect to one shipment, joined appellant in disposing of the goods. On the other occasion, these two accomplices disposed of the goods after receiving them from appellant. The funds received from the purchasing party on the first occasion were divided between these accomplices, appellant, and another accomplice who assisted in finding a purchaser. The funds received from the second sale were divided between appellant, Holtzclaw and Smallwood.

The Sears merchandise consisted of clothing. The other shipment consisted of sheets and pillowcases. Some of the facts established by documentary evidence included appellant's whereabouts with respect to the shipments when they disappeared, and the manifests in his charge, which included the shipments. The *modus operandi* was established through the testimony of Holtzclaw and Smallwood. It was also established that they had pleaded guilty to these thefts, and to another with which appellant had no connection, and had completed serving their prison sentences. Appellant testified and denied all charges. He knew the accomplices casually. Smallwood resided next door to him at the time of the thefts.

It is contended that the District Court commited reversible error in denying defense counsel the right to question the jury panel as a whole; in curtailing defense counsel in his cross-examination of accomplice Holtzclaw; and in allowing the separation of the jury over night after the case has been submitted to the jury and after deliberation had commenced. We will consider these contentions seriatim.

First, there was no error in the refusal of the court to permit defense counsel to question the jury panel as a whole. There was no departure from Rule 24(a), F.R.Crim.P. The record does not reflect that counsel for appellant requested the court to examine the jurors, or that any specific question was presented to the court. The court first examined the panel as to relationship with appellant. Each juror was then presented for statement as to name, address and occupation. At this point defense counsel asked if he might " * * * pose some questions * * * " to the panel as a whole, and the court replied in the negative. Counsel then made no effort to examine any one of the jurors individually. Nothing more was said of the matter. This falls far short of showing an abuse of discretion on the part of the court, and it is well settled in this circuit that the procedure to be followed

in a voir dire examination of jurors is within the discretion of the trial court. Stone v. United States, 5 Cir., 1963, 324 F.2d 804; Fox v. United States, 5 Cir., 1961, 296 F.2d 217.

■■ There is likewise no merit in the contention that the court erred in allowing the jury to separate after submission of the case. There was no objection to the procedure. There is no suggestion of prejudice from the separation. This specific question has not been decided by this court. We did hold in Estes v. United States, 5 Cir., 1964, 335 F.2d 609, citing Holt v. United States, 1910, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021, that sequestration of the jurors during trial and prior to submission of the case to the jury was a question resting in the sound discretion of the trial court.

The Court of Appeals for the Seventh Circuit has adopted the rule that a jury may not be permitted to separate after deliberations have commenced if the defense objects to such separation. United States v. D'Antonio, 7 Cir., 1965, 342 F.2d 667; United States v. Panczko, 7 Cir., 1965, 353 F.2d 676. On the other hand, that court holds that no error arises where the defendant consents to the separation of the jury after the case has been submitted. United States v. Di Fronzo, 7 Cir., 1965, 345 F.2d 383.

It is settled in some other federal jurisdictions that the jury may be permitted to separate absent a showing of prejudice from the separation. Roth v. United States, 10 Cir., 1964, 339 F.2d 863; Kleven v. United States, 8 Cir., 1957, 240 F.2d 270. There was no objection to the separation in either of these cases. Thus the Seventh Circuit rule was not in issue. The same is true in the cases of Bratcher v. United States, 4 Cir., 1945, 149 F.2d 742, and Brown v. United States, 1938, 69 App.D.C. 96, 99 F.2d 131, wherein the defense counsel acquiesced in the separation. In Cavness v. United States, 9 Cir., 1951, 187 F.2d 719, error was claimed from the fact that one of the jurors was allowed to leave the jury room to make two telephone calls after the case had been submitted to the jury. The court rejected the strict common law practice which required that jurors be kept together after submission, 5 Wharton, Criminal Law and Procedure, 12th Ed., § 2107, pp. 283–286, and adopted the modified view that so long as no improper influence on their consideration of the case is shown, separation is not grounds for a new trial. A showing of prejudice was necessary under its ruling and none was found.

In the case under consideration there was no objection whatever to the procedure of the court in permitting the separation. It happened at the end of the day. The jury had been deliberating more than two hours and the court, after properly admonishing the jury as to their conduct during the interim, permitted separation until the next morning when deliberation resumed. A verdict of guilty was returned during that day. Defense counsel had ample opportunity to object. It is no answer to say that it would have prejudiced his case to object in the presence of the jury at the time separation was permitted. Objection could have been made out of the hearing of the jury without the problem of prejudice arising. The situation here is in line with the *Roff* and *Kleven* cases, supra. There was no objection and no suggestion of prejudice. It is different from the *D'Antonio* and *Panczko* cases of the Seventh Circuit where separation was ordered over objection. We do not reach the question whether the Seventh Circuit rule is to be followed in this circuit. It is enough to say that the assignment of error as here presented is without merit.

The last contention of appellant is that the court unduly restricted defense counsel in the cross-examination of accomplice Holtzclaw. This assignment of error rests on the circumstance of a question which followed a colloquy between the court and defense counsel concerning the proper way to impeach the accomplices based on their own pleas of guilty. Defense counsel turned suddenly from this line of questioning to the broad sub-

ject of any discussion by Holtzclaw with anyone prior to entering his guilty plea. The court naturally demurred to such a broad approach, and counsel then stated to the court that he wanted to find out if anyone had made a promise to Holtzclaw. The court summarily rejected this line of questioning with a statement, perhaps in the context of the entire preceding colloquy, indicating that the question was an affront to the court.

The substance of the question went directly to Holtzclaw's credibility. It was an inquiry into motive and possible bias. It was a search for a promise or a reward on the part of the government in return for help in the prosecution of appellant. Holtzclaw and Smallwood were named as aiders and abettors in the indictment against appellant. They were involved in the very transactions in issue. The answer to the inquiry may have availed appellant nothing but it was addressed to a relevant area of inquiry and the witness was on cross-examination.

The scope of cross-examination and the limits upon it are committed to the discretion of the trial court and will not be interfered with by an appellate court absent an abuse of discretion. Hendrix v. United States, 5 Cir., 1965, 327 F.2d 971; Robertson v. United States, 5 Cir., 1957, 249 F.2d 737. However, the full cross-examination of the witness is a right and it is only after a party has had an opportunity to exercise the right of cross-examination that the discretion becomes operative. Dixon v. United States, 5 Cir., 1964, 333 F.2d 348. Here the right was terminated before it could be exercised. The court should have permitted the question. Cf. Alford v. United States, 1931, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624; King v. United States, 5 Cir., 1902, 112 F. 988; Meeks v. United States, 9 Cir., 1947, 11 Alaska 378, 163 F.2d 598; Sandroff v. United States, 6 Cir., 1946, 158 F.2d 623; Farkas v. United States, 6 Cir., 1924, 2 F.2d 644. See also Wharton's Criminal Evidence, 12th Ed., Vol. 3, § 863, pp. 244–245; Wigmore on Evidence, 3rd Ed., Vol. III, § 967, pp. 525–526.

The prosecution asserts that the error in so restricting the cross-examination of this witness was nevertheless harmless, but this view is without support in the record. Appellant was entitled to ask the question and to have it answered. It follows that the appellant is entitled to another trial.

Reversed and remanded for further proceedings not inconsistent herewith.