Alan Dean **HUDSON**, Appellant,

v.

**UNITED STATES of America**,
Appellee.

No. 24523.

United States Court of Appeals
Fifth Circuit.

Dec. 27, 1967.

William B. Seidel, Fort Lauderdale, Fla., for appellant.

Michael J. Osman, William A. Daniel, Asst. U. S. Attys., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before BELL, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellant was convicted of violating the counterfeiting laws. 18 U.S.C.A. § 472. He contends that the trial court erred in denying him the right to cross-examine the prosecution's chief witness in an effort to impeach his testimony. He proposed to ask the witness whether he was connected with prostitution, narcotics, or pornography. He made no effort to show a conviction of a felony or of a crime involving moral turpitude. The trial court did not err in so limiting the cross-examination. The scope of cross-examination rests largely within the discretion of the trial court. Grant v. United States, 5 Cir., 1966, 368 F.2d 658; Ford v. United States, 5 Cir., 1956, 233 F.2d 56. A witness may not be impeached by showing wrongful conduct or the commission of an offense for which there has been no conviction. Roberson v. United States, 5 Cir., 1957, 249 F.2d 737, 742.

Appellant also contends that the court erred in refusing him an opportunity to cross-examine the witness as to the length of his sentence as compared to that given a co-conspirator not then on trial. The Court permitted appellant's

counsel to question the witness as to whether he had received any reward or hope of reward for his testimony and it was not error to limit the cross-examination to the extent that it was limited. Cf. Grant v. United States, supra.

Lastly, it is appellant's position that the court erred in denying a new trial on the basis of newly discovered evidence. Our case of Nagell v. United States, 5 Cir., 1966, 354 F.2d 441, states the requirements for granting a new trial on the basis of newly discovered evidence. It is a matter resting in the sound discretion of the trial court. The evidence must have been discovered following the trial, and it must appear that appellant has been diligent. The evidence must not be merely cumulative and impeaching, and it must be material and of such nature that a new trial would probably produce a different result. The allegedly newly discovered evidence here was merely cumulative and was not of such nature as would have probably produced a different result. There the matters ends.

Affirmed.