**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank GREENBERG, Defendant-Appellant.**

**No. 27524.**

United States Court of Appeals,
Fifth Circuit.

March 31, 1970.

William M. Moran, Richard M. Gale, Miami, Fla., for appellant.

William A. Meadows, Jr., U. S. Atty., Morton Orbach, Theodore Klein, Asst. U. S. Attys., Miami, Fla., for appellee.

Before PHILLIPS*, BELL and SIMPSON, Circuit Judges.

BELL, Circuit Judge:

Appellant was convicted under two counts of an indictment charging violation of the Dyer Act with respect to two automobiles, and under another count charging conspiracy to violate the Dyer Act based on transactions involving the same automobiles. 18 U.S.C.A. § 2313. Several persons were involved in the modus operandi. The vehicles were rented from a car rental agency and transported in interstate commerce. They ended up in the possession of ap-

pellant who sought title certificates from Staudacher, a co-indictee.

There are two assignments of error, both arising out of the testimony of Staudacher. First, it is urged that he should not have been allowed to testify as to a simultaneous transaction with appellant having to do with a stolen vehicle which was not the subject matter of the indictment. Next, it is claimed that appellant's counsel was unduly limited in his cross-examination of Staudacher.

By way of background, Staudacher was one of the principal witnesses for the prosecution. He was indicted under five counts of the same indictment and pleaded guilty to one count on the morning the trial of appellant commenced. The other counts against him were to be dismissed. He was to be sentenced at a later time.

Staudacher testified that appellant came to his service station on a particular occasion and that while there two significant events transpired. One, Staudacher sold him a stolen automobile and appellant was told that it was stolen. It was not a vehicle covered in the indictment. While there and following the purchase of this vehicle, appellant requested that Staudacher obtain certificates of title for the two stolen rental vehicles which are covered in the indictment.

The district court properly admitted this testimony regarding the purchase of the stolen vehicle by appellant. It bore heavily on the question of criminal intent and was closely related in the nature of the transaction and in time to the issues on trial. See Gilstrap v. United States, 5 Cir., 1968, 389 F.2d 6, 9; Pardo v. United States, 5 Cir., 1966, 369 F.2d 922, 924–925; Weiss v. United States, 5 Cir., 1941, 122 F.2d 675, 682, on admissibility of evidence as to similar criminal activities to prove intent and knowledge where they are essential elements of the crime with which a defendant is charged.

* Of the Tenth Circuit, sitting by designation.

█ █ The assignment of error based on the claimed limitation on cross-examination is of more serious import. Defense counsel sought to inquire into such discussions as Staudacher may have had with the prosecuting attorneys relative to his plea of guilty. The district court curtailed the line of questioning at the instance of the prosecutor. Defense counsel asserted that he was entitled to know the circumstances of why Staudacher was testifying but the court, apparently under the impression that this had already been disclosed, stated that defense counsel had already gone into the circumstances. The fact of conversations with persons in the office of the United States Attorney had been disclosed but nothing as to the substance of the conversations.

The curtailment of cross-examination was compounded during closing argument when the court, at the request of the prosecutor, instructed the jury that there had been no deal of any kind between Staudacher and the prosecution. This may have been a true statement but it was not based on any evidence of record. It was this very subject matter which appellant's counsel had sought to develop on cross-examination. The inquiry was directed to Staudacher's credibility and to possible bias stemming from a promise of reward for assisting the government in the prosecution.

As we said in Grant v. United States, 5 Cir., 1966, 368 F.2d 658, full cross-examination addressed to a relevant area of inquiry is a right, and the discretion of the court to limit the scope of cross-examination does not become operative until a party has had an opportunity to exercise the right of cross-examination. Here, as was the case there, the right was terminated before it could be exercised. Cf. also Beaudine v. United States, 5 Cir., 1966, 368 F.2d 417, 420–423. The limitation on the cross-examination of Staudacher was error. The case must therefore be reversed and remanded for a new trial.

Reversed and remanded for further proceedings not inconsistent herewith.