**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William GARR and Anthony Brewer,**
**Defendants-Appellants.**

**No. 71–3035.**

United States Court of Appeals,
Fifth Circuit.

June 6, 1972.

**488**

Thomas R. Bryan, Jr., Columbus, Ga., for William Garr.

T. M. Flournoy, Jr., Columbus, Ga., for Anthony Brewer.

William J. Schloth, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before RIVES, BELL and MORGAN, Circuit Judges.

BELL, Circuit Judge:

Defendants-appellants Garr and Brewer were charged in the same indictment with knowingly possessing unregistered incendiary devices in violation of 26 U.S.C.A. § 5861(d),[1] and with aiding and abetting each other in the commission of the crime as charged. They were tried jointly and a verdict of guilty was returned against each. The several assignments of error relate to the admissibility of evidence or to the refusal to admit evidence offered during the trial. Finding no prejudicial error, we affirm.

The arrest of defendants took place in Columbus, Georgia. At the time, the city was the scene of serious civil disturbances. There had been at least sixty firebombings as a part of the disturbance. Several of the firebombings had occurred in the neighborhood where defendants were arrested. As a result of the emergency situation, there was concentrated police protection in the area.

While patrolling this area during the early morning hours of June 25, 1971, the arresting officers observed defendants and a third individual walking along the street. The officers testified that they recognized appellant Garr as one having been recently charged with illegal possession of a firearm. They also observed bulges or protrusions under the shirts of both defendants.

According to the testimony of the arresting officers, they stopped the patrol car, and at that time Garr attempted unsuccessfully to flee. Defendants were then placed in a "frisk" position against the police car and a warrantless search of their persons was conducted. The search revealed the incendiary devices in their possession. They were taken into custody, turned over to federal authorities, and charged with the violation of 26 U.S.C.A. § 5861(d).

Defendants filed pretrial motions to suppress the evidence (the incendiary devices) seized at the time of their arrest. After hearing arguments and receiving evidence on the motions, the dis-

---

1. The defendants were charged with knowingly possessing firearms as defined in 26 U.S.C.A. § 5845(a) (f), i. e., incendiary devices, which were not registered to defendants in the National Firearms Registration and Transfer Record maintained under 26 U.S.C.A. § 5841, and therefore the possession of the incendiary devices was in violation of 26 U.S.C.A. §§ 5861(d), 5871.

trict court denied relief. It was urged then as here that the evidence was procured through unreasonable searches and seizures in violation of the Fourth Amendment. Thus one issue is whether the district court erred in denying the motions to suppress and in admitting the evidence at trial over renewed objections.

■ We find no merit in these arguments. The record discloses that the police officers acted in a reasonable and prudent manner under the circumstances. The late hour and the bulges under the shirts of defendants, taken within the setting of civil disorder, sniping, firebombings, and other violent acts in the area, was enough to arouse the suspicion of the officers, even in the absence of Garr's attempted flight. Furthermore, Garr was known to the officers as having been recently involved in a firearms violation. Under these circumstances, we conclude that the search in question was a proper "stop and frisk" measure. Terry v. Ohio, 1968, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. The district court properly denied the motion to suppress and there was no error in admitting the incendiary devices into evidence.

Defendants further complain that it was prejudicial error to admit certain evidence procured from the People's Panther Headquarters. More specifically, the evidence complained of included, among other items, pictures of Huey Newton and Angela Davis, an American Flag being used as a foot mat, a diagram of a firebomb, and a diagram of the area surrounding the headquarters. We do not find that the introduction of this evidence under the circumstances presented here entitles them to relief.

■ The court excluded this evidence during the government's case. Defendant Garr lived at the Panther headquarters and was in charge of the building. He insisted, during his testimony, on going into the purposes of the People's Panther Party and the activities at the headquarters building which building was near the point of arrest. The evidence in question was clearly admissible as against Garr in rebuttal to his testimony and there was no error in admitting it.

■ The question is somewhat different as to defendant Brewer. His counsel objected to the evidence being admitted against Brewer. The court allowed it on the premise of the charge of aiding and abetting. We conclude that this premise was insufficient. There is evidence that Brewer was aiding and abetting Garr and vice versa but the evidence in question here was not relevant to the commission of the crime. It was admissible only in rebuttal to the testimony of Garr.

Although error as to Brewer, we conclude that it was harmless beyond a reasonable doubt. Harrington v. California, 1969, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705. Brewer was in possession of a fire bomb filled with gasoline from a jug found in the Panther headquarters. The bomb was fused with a wick taken from cloth found in the headquarters. Although Brewer was not placed in the building, he admitted being in front of the Panther headquarters on two previous nights. There were four witnesses who testified that Brewer was in possession of the fire bomb at the time of arrest. In addition, the district court carefully limited the jury to the question of possession *vel non*. This was the only question since no issue as to intent is presented under the statute which defendants were charged with violating. United States v. Freed, 1971, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356.

■ Defendants also urge that the rebuttal evidence in question together with the gasoline jug and the cloth from which the wick was taken, previously discussed, should have been excluded as being irrelevant since it was not seized contemporaneously with the arrest. There is no merit in this argument. The district court has wide discretion in

determining relevance and materiality and its ruling should not be disturbed in the absence of an abuse of discretion. O'Brien v. United States, 5 Cir., 1969, 411 F.2d 522, 524. This evidence was obtained pursuant to a federal search warrant within a few hours after the arrest of defendants. There was no error as urged.

We have examined all assignments of error. We find each to be without merit.

Affirmed.