UNITED STATES of America, Plaintiff-Appellee,

v.

Willis P. DOBBS, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Bryan T. DOBBS, Defendant-Appellant.

Nos. 74–1024, 74–1025.

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1975.

Foy R. Devine, Robert G. Fierer, Atlanta, Ga., for defendants-appellants.

John W. Stokes, Jr., U. S. Atty., William P. Gaffney, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BELL, AINSWORTH and RONEY, Circuit Judges.

BELL, Circuit Judge:

Appellants, father and son, engaged in preparing income tax returns for others, were convicted of willfully and knowingly aiding and assisting in the fraudulent preparation of tax returns by overstating deductions. The violations were charged in 24 separate counts against Willis Dobbs and 11 against Bryan Dobbs. Willis Dobbs was convicted on two counts; Bryan Dobbs was convicted on one count. This appeal followed.

Appellants first contend that the trial court erred in allowing the government to dismiss charges against them after the commencement of a preliminary hearing. (They were indicted by a grand jury 12 days later.) The gravamen of their contention in this respect is that subsequent to arrest, a federal right to a preliminary hearing attaches unless an indictment intervenes

before the date set for a hearing. They hoped to show through 26 witnesses called to testify at the preliminary hearing that probable cause was lacking as to each count.[1] We hold that no substantive rights were lost as a result of the procedure employed here. A dismissal for lack of probable cause at the preliminary hearing would not have prevented the subsequent indictment. Cf. United States v. Coley, 5 Cir., 1971, 441 F.2d 1299, 1301.

Appellants attempted to introduce into evidence a survey covertly conducted by a secretary to appellants' counsel. The survey consisted of questions propounded to three IRS employees who assisted the public in preparing tax returns. The inquiry was as to deductions similar to some of those upon which the convictions of appellants were based. The contention was that the survey would establish that the IRS personnel gave the same advice as appellants regarding tax return preparation. The court did not err in excluding the result of the survey. The circumstances of the survey did not coincide with the underlying basis of the conduct charged to appellants; and the hypothetical questions posed, as well as the answers thereto, were attenuated at best. The trial judge has wide discretion in determining questions as to the relevance and materiality of evidence. United States v. Garr, 5 Cir., 1972, 461 F.2d 487, 489–490. The gist of the charges against appellants were adding to the deductions submitted to them by taxpayers and not in types of deductions or the formulae therefor.

The trial court's exclusion of defendants' proffer of evidence exhibiting routine, noncriminal conduct as to some tax returns was correct. They were not charged with a scheme but with separate instances of criminal conduct and evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant. United States v. Null, 4 Cir., 1969, 415 F.2d 1178, 1181; United States v. Stoehr, 3 Cir., 1952, 196 F.2d 276, 282; Herzog v. United States, 9 Cir., 1955, 226 F.2d 561, 565.

Appellants also urge that they were unduly restricted in the cross-examination of government witnesses—clients of appellants—concerning the IRS civil audits of their tax returns. Appellants were, of course, entitled to thorough and sifting cross-examination of government witnesses. *See* Grant v. United States, 5 Cir., 1966, 368 F.2d 658. They were given wide latitude in exploring the credibility of the witnesses with respect to fear engendered by the civil investigations and thus motive and bias. Again, we do not find error.

Lastly, there is no merit in the contention of Willis Dobbs that Count 17, based on Jewell T. Smith's testimony, was not supported by sufficient evidence. Appellants' counsel severely undermined the direct testimony of this witness on cross-examination but the question was still for the jury.

Affirmed.

---

1. The facts do not warrant consideration of the questions, implicit in appellants' argument, whether appellants were denied procedural due process or the effective assistance of counsel through the prosecutorial device of charging defendants in a large number of counts, most of which lacked substantial merit. Here 15 of the 24 counts against Willis Dobbs were of such substance as to warrant submission to the jury; six of 11 as against Bryan Dobbs.