**Mildred D. DOBBS, Administratrix of the Estate of Willis P. Dobbs, and Bryan T. Dobbs, Plaintiffs,**

v.

**Eva Lovelace HUFF, Executrix of the Estate of Maro P. Huff, Director Intelligence Division, Internal Revenue Service and Thomas W. Marshall and Otis M. Benson, Defendants.**

**No. 18151.**

United States District Court,
N. D. Georgia, Atlanta Division.

Dec. 2, 1977.

---

Fierer & Devine, Foy R. Devine, Atlanta, Ga., for plaintiffs.

Gregory R. Schwandt, S. Martin Teel, Jr., Attys., Tax Div., Dept. of Justice, Washington, D. C., William D. Mallard, Jr., Asst. U. S. Atty., Atlanta, Ga., for defendants.

## ORDER

HAROLD L. MURPHY, District Judge.

This matter is an action against certain agents of the Internal Revenue Service (I.R.S.) by the above plaintiff and deceased plaintiff's estate's representative. Since the initiation of this law suit two of the

principal parties have died and the representatives of their estates have been designated to represent them before this Court in the pending matter. However, for the purposes of this order, the word "plaintiffs" shall designate Bryan T. Dobbs and the deceased Willis P. Dobbs. Also, for the purposes of this order, the word "defendants" shall denote Thomas W. Marshall, Otis Benson and the deceased Maro P. Huff.

Plaintiffs bring their action basing same upon defendants' alleged violations of the Fourth, Fifth and Sixth Amendments of the United States Constitution, as well as alleging a violation of the plaintiffs' right to privacy under the Constitution. Jurisdiction is founded on 28 U.S.C. § 1331(a).

The facts of this case upon which plaintiffs assert their actions are as follows. The plaintiffs were individuals engaged in the business of preparing income tax returns for individuals. The plaintiffs, on April 10, 1973,[1] were arrested by special agents of the I.R.S. pursuant to arrest warrants. Plaintiffs were arrested at their place of business, in the presence of some of their clientele, searched and Bryan T. Dobbs was placed in handcuffs. Defendants Marshall and Benson, with other agents, then took plaintiffs to the United States District Courthouse in Atlanta, Georgia, arriving at approximately 10:05 A.M.

At that time, due to information divulged by agents of the I.R.S., numerous reporters, cameramen, photographers and other members of the news media were present to film, photograph and report the arrest of the plaintiffs.

Plaintiffs were indicted, tried and subsequently convicted of willfully and knowingly aiding and assisting in the fraudulent preparation of tax returns by overstating deductions. Plaintiffs were fined and sentenced to terms of probation. Plaintiffs later appealed their cases to the Fifth Circuit Court of Appeals which upheld their convictions in *United States v. Dobbs,* 506 F.2d 445 (5th Cir. 1975).

At the time of the arrest of plaintiffs, defendant Maro P. Huff was a group manager of the Intelligence Division of the I.R.S. and as such directed approximately ten (10) agents in investigations. Defendants Marshall and Benson, who along with other agents effected the arrest of plaintiffs, were among the agents under Huff's direction. The defendants were present at a meeting on March 28, 1973 (nearly two weeks before the arrest of plaintiffs) when plaintiffs' counsel requested that plaintiffs be allowed to surrender voluntarily, should they be charged with any criminal offense or any warrant issue for their arrest.

The case is presently before the Court on defendants' motion for summary judgment, defendants' additional motion for summary judgment and plaintiffs' motion for partial summary judgment, only as to liability.

Plaintiffs in their original complaint base their action upon defendants' alleged violations of the due process clause of the Fifth Amendment. In their amended complaint, plaintiffs seek to base their action upon the unreasonable search and seizure clause of the Fourth Amendment, the right to counsel under the Sixth Amendment and the constitutional right of privacy as well as reasserting their Fifth Amendment claim.

The issue presented for this Court's determination is whether there exists a constitutional right of action against the defendants under the areas of the Constitution hereinbefore cited. In other words, have the acts as done by the defendants with respect to the plaintiffs, from the arrest until the conviction, violated the denominated constitutional rights of the plaintiffs?

1. The Court must first look to see if it has jurisdiction to entertain this matter.

■ If the plaintiffs establish no nexus of a constitutional right being violated or abrogated by the acts done by the defendants, it would become apparent that no constitutional violation would have then occurred and then a dismissal for want of jurisdiction would be in order. As stated in *Skidmore v. Syntex Laboratories, Inc.,* 529

---

1. This was the same date on which plaintiffs filed their complaint and amended complaint.

F.2d 1244 (5 Cir. 1976) "it is, of course, incumbent upon the federal courts to dismiss an action when it appears that they have no jurisdiction." But that same court in *Weir v. Muller,* 527 F.2d 872 (5th Cir. 1976) held, in reversing the district court, that where the plaintiff has alleged deprivation of his Fifth Amendment right to due process of law . . . that the district court has federal question jurisdiction under 28 U.S.C. § 1331 and should not have dismissed the complaint for lack of jurisdiction. Therefore, this Court has the power, authority and duty to hear these issues presented before it.

2. Plaintiffs contend that defendants were in violation of the Fourth Amendment in that the manner and method of arrest amounted to an unlawful and unreasonable seizure. The plaintiffs urge the Court that the case of *Rodriquez v. Ritchey,* 539 F.2d 394 (5th Cir. 1976) is inapplicable in this case. The *Rodriquez* court cites authority [2] which states that "the law is plain that officer who arrests someone pursuant to a valid arrest warrant has no liability for false arrest even though the suspect is later proven innocent."

The court in *Rodriquez* states that the valid arrest warrant is the crucial element and officers acting under such a warrant are protected "even though the suspect is later proven innocent." The court did not say even though the suspect is later acquitted or a verdict of not guilty is returned, but even where the suspect is "*proven not guilty*". (Emphasis Supplied).

The plaintiffs are correct when they state that *Rodriquez* is not applicable to this Court, insofar as this suit is not an action for false arrest. However, this Court can look to *Rodriquez* as a guideline as to how the law looks upon defendants' actions pursuant to arrest warrants. In the instant case the defendants effected the arrest of the plaintiffs, but it was done pursuant to a valid arrest warrant. Upon the trial of the case the plaintiffs were convicted of the charges alleged, and the conviction was upheld on appeal. *Dobbs,* supra.

■ The plaintiffs claim an unreasonable seizure under the Fourth Amendment but other than that claim, plaintiffs set out no actionable grounds. Plaintiffs set out that defendants arrested them in their place of business, in the presence of clientele and also that defendants searched and shackled them in the presence of their clientele. This was done after a March 28, 1973 meeting with defendants, the plaintiffs and counsel for plaintiffs, at which time plaintiffs asked to be notified of any criminal charges lodged against them so that they could voluntarily surrender. This seems an eminently reasonable request and a practice this Court believes quite customary among law enforcement agencies, attorneys and their clients. However, this Court fails to see how failure of defendants to so notify plaintiffs of warrants so plaintiffs could voluntarily turn themselves in violated the Fourth Amendment or any other right protected and guaranteed by the Constitution. The Court does not find, nor have plaintiffs submitted any evidence to substantiate their claim that the fact that defendants arrested them pursuant to a lawful arrest warrant, (even though plaintiffs would have voluntarily turned themselves in) searched and shackled them, violates plaintiffs' Fourth Amendment rights. That plaintiffs suffered mental pain and suffering, humiliation or emotional distress upon being arrested has no bearing upon their Fourth Amendment right. Unless the Court accepts the premise that the plaintiff Bryan T. Dobbs suffered injury when his handcuffs were placed on him too tightly, which this Court does not, then the plaintiffs have failed to state a claim for which relief can be granted under the Fourth Amendment.

■ 3. Plaintiffs claim defendants have violated their federally protected rights to due process under the Fifth Amendment, including their right to a fair trial. In the

---

2. *Perry v. Jones,* 506 F.2d 778 (5th Cir. 1975); *Fleming v. McEnany,* 491 F.2d 1353 (2d Cir. 1974).

case at bar the plaintiffs' claim is one which may be termed a "constitutional tort" as was first established in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). But a *Bivens* situation must be premised on the unconstitutional conduct of an officer. The defendants in the instant case did not commit an act violative of the Fifth Amendment, at least in a *Bivens* sense. Nowhere do the plaintiffs present to the Court any evidence of the defendants unconstitutional acts other than the possibility that the defendants' acts were *per se* unconstitutional. Again the Court is faced with the position that the plaintiffs were arrested by defendants pursuant to warrants, tried and convicted. An arrest under warrant is not a violation of due process; it is due process.

4. Plaintiffs contend that the defendants violated their constitutional right to assistance of counsel and to an impartial jury. Defendants arrested plaintiffs rather than inform plaintiffs or their attorneys of pending charges against them and allowing plaintiffs to turn themselves into the proper authorities on a voluntary basis. As stated before, the request of plaintiffs to turn themselves in, although reasonable, is not mandatory and the failure of the defendants to so advise plaintiffs is not a violation of the Sixth Amendment. Neither is the absence of counsel at the time of arrest, despite a request of counsel to be present at such time.

5. Finally, the Court embraces the question of whether defendants violated the plaintiffs' constitutional right of privacy. Exhibit "A" of plaintiffs' motion for partial summary judgment consists of photostatic copies of pages extracted from an I.R.S. service manual containing instructions regarding the release of information relating to criminal and civil proceedings. Plaintiffs allege that defendants violated department directives in their handling of plaintiffs arrest, particularly section 3. Procedure .01, which states in part that

> Except as provided in 3.03 and Section 4, IRS personnel will not make public statements, news releases, or other public disclosures concerning the defendant, the evidence, or any other aspect of a criminal case from the time a person is the subject to a criminal investigation until any proceeding resulting from such an investigation has been terminated by trial or otherwise except upon approval by the Department of Justice. Also, service personnel will take no action to encourage or assist news media in photographing or televising a defendant or accused person being held or transported in federal custody, nor should photographs of a defendant be made available to news media.

Plaintiffs were in fact photographed and their arrest made known to the news media. There is no evidence, however, to support the allegation that the named defendants were the persons to release the fact of plaintiffs' arrest to the news media. And, even if the defendants did inform the news media of the fact that plaintiffs were arrested and even if defendants did arrange for photographs of plaintiffs to be taken while they were being transported as federal prisoners, there still exists no authority to say that such acts were violative of the Constitution. The Court can recognize that the procedures may have been in violation of the I.R.S. service manual, but this does not give rise to a constitutional tort.

While a violation of the I.R.S. service manual by an employee of that agency may be a matter for disciplinary action within the agency, this Court would be loathe to accept the proposition that an I.R.S. service manual has the force of law, much less, that it rises to constitutional standards, in the protection of the public.

The Supreme Court in *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) said, in response to the alleged violation of the right of privacy guaranteed by the First, Fourth, Fifth, Ninth and Nineteenth Amendments to the Constitution, that

> He [Davis] claims constitutional protection against the disclosure of the fact of his arrest . . . His claim is based . . . on a claim that the State may not publicize a record of an official act

such as an arrest. None of our substantive privacy decisions hold this or anything like this, and we decline to enlarge them in this manner.

6. The facts are clear concerning the acts of defendants and the arrest, trial and conviction of the plaintiffs. The issue boils down to whether the acts of defendants were actionable. In order to recover from the defendants, plaintiffs must demonstrate that the defendants did deprive the plaintiffs or conspire to deprive the plaintiffs of some (constitutional) right or privilege. *LaBar v. Royer,* 528 F.2d 548 (5th Cir. 1976). The plaintiffs claim damages due to the violations of the Fourth, Fifth and Sixth Amendments and the right of privacy; there is no evidence that the defendants did any acts that violate the Constitution and hence fail to state a claim upon which relief can be granted.

7. Defendants claim an absolute immunity with respect to nonconstitutional torts under *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) or a qualified immunity under *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). There is before the Supreme Court presently the case of *Economou v. United States Department of Agriculture,* 535 F.2d 688 (2d Cir. 1976) *cert. granted sub nom., Butz et al. v. Economou et al.,* 429 U.S. 1089, 97 S.Ct. 1097, 51 L.Ed.2d 534. This case concerns the question of qualified or absolute immunity of federal employees and was cited to this Court. However, this Court is of the opinion that plaintiffs have failed to state a claim upon which relief can be granted, mooting the need for a decision here on the immunity or lack thereof of defendants.

Accordingly, defendants' motions for summary judgment are hereby GRANTED and plaintiffs' motion for partial summary judgment as to liability is DENIED.