RONALD LEE GILMAN, Circuit Judge,
concurring.
I write separately because of a difference of opinion with my colleagues over the district court’s exclusion of the “reverse 404(b)” evidence proffered by Daulton. Daulton sought to introduce testimony by seven taxpayers in the truck-driving business who had their taxes prepared for many years by Daulton or his employees and who never had false deductions appear on their tax returns. The district court excluded this evidence, concluding that it was irrelevant and immaterial.
I fully agree with the principle that “evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant.” United States v. Dobbs, 506 F.2d 445, 447 (5th Cir.1975) (emphasis added). But there are, as Daulton notes, exceptions to this rule. On this score, Daulton points out that the government used evidence not charged in the indictment to show that he was involved in a continuing pattern of illegal activity. He therefore argues that he was entitled to present evidence that he prepared non-fraudulent tax returns during the relevant time period, which would counter the government’s theory that he had a “method” for preparing fraudulent tax returns.
Under Rule 401 of the Federal Rules of Evidence, relevant evidence is “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Fed. R. Ev. 401. Daulton’s defense was that his clients either gave him incorrect information or that he mistakenly included incorrect deductions, but that he did not instruct his employees to put false deductions on the clients’ tax returns. Testimony that Daulton prepared at least some nonfraudulent tax returns for his clients in the truck-driving business would thus bolster Daulton’s defense that, contrary to the government’s theory, he did not have a method for fraudulently preparing tax returns. I therefore believe that the evidence Daulton sought to introduce was relevant and material to his defense.
Moreover, I believe that such evidence should have been admitted as “reverse 404(b)” evidence to corroborate Daulton’s defense that he did not have a modus operandi, and that the fraudulent returns were actually the product of a mistake or accident. See United States v. Robinson, 2007 WL 4153412, at *7 (6th Cir. Nov.19, 2007) (explaining that Rule 404(b) “contemplates” prior-act evidence “being offered as exculpatory evidence by the defendant as ‘reverse 404(b) evidence’ ”) (quoting United States v. Lucas, 357 F.3d 599, 605 (6th Cir.2004)). For these reasons, I believe that the district court erred in excluding the evidence proffered by Daulton.
But as the majority correctly acknowledges, “[w]e review the district court’s ex- *392 elusion of evidence for abuse of discretion, and reverse only if we are firmly convinced of a mistake that affects substantial rights and amounts to more than harmless error.” Pressman v. Franklin Nat’l Bank, 384 F.3d 182, 187 (6th Cir.2004). The very fact that there is disagreement between myself and my colleagues on this issue is presumably enough to show that the district court did not abuse its discretion in excluding the evidence proffered by Daulton. See Merriweather v. Family Dollar Stores, Inc., 103 F.3d 576, 584 (7th Cir.1996) (“If reasonable persons can disagree on a district court’s actions, there is no abuse of discretion.”). I therefore concur despite what I believe was an evidentiary error by the district court.